### THE JAMES HORAN. *

### WARNER–QUINLIN CO. v. SWAN–FINCH OIL CORPORATION et al.

### No. 5800.

Circuit Court of Appeals, Third Circuit.

July 22, 1935.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J. (Thomas G. Haight and John Milton, both of Jersey City, N. J., and Chauncey I. Clark and William J. Dean, both of New York City, of counsel), for appellant.

Arthur T. Vanderbilt, of Newark, N. J. (Lawrence A. Carton, Jr., of Newark, N. J., on the brief), for appellees.

*Writ of certiorari denied 56 S. Ct. 142, 80 L. Ed. —.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears a barge alleged to have been chartered by the Warner-Quinlin Company, laden with that company's crude oil, was lying along its oil plant with a view to the said company's pumping its oil from the barge to its tanks. While so lying, the barge was struck by lightning. It was in charge of a barge captain who did no act of commission or omission in reference to the fire. We make this basic fact clear, that in what followed neither barge nor crew was guilty of any negligence.

While such fire was raging, one Gifford, a supervising agent of Warner-Quinlin Company's oil plant, took an axe and severed the line which was holding the barge to the wharf. As a result the burning barge went adrift and eventually set fire to and burned up the property of others. Subsequently such owners brought suit in a court of New Jersey and recovered judgment therein. Such judgment was affirmed by the Court of Errors and Appeals of that state in an opinion reported in 112 N. J. Law, 519, 171 A. 800, 801, which held:

"Tracing back the causation, it is apparent that the nearest culpable cause was the cutting adrift of the burning barge. Of course, the original cause of the fire on the barge was the lightning, but neither that nor the resulting fire was the proximate cause of the damage done, but rather the defendant's act, after ten minutes of deliberation, in cutting ·loose the burning barge, well knowing that the wind and tide would bring it up somewhere and possibly against some dock or building. * * *

"It seems to us that the decision of the trial court may well be sustained on the simple ground—and we so sustain it—that there is evidence that the cutting adrift of the burning barge was a negligent act for which recovery was proper."

Thereafter Warner-Quinlin Company petitioned the court below to limit, by virtue of Federal Revised Statutes, § 4283 (46 USCA § 183), its liability, to the value of the barge, for the judgment recovered as aforesaid. After hearing, the court below dismissed the petition, whereupon

Warner-Quinlin Company took this appeal.

We find no error in this holding of the court below. By the holding of the state court, the finding in fact of the court below, and our estimate of the proofs, it is clear that the injury to the appellees was wholly and solely caused by the negligence of Warner-Quinlin's supervising agent, and not by any negligence of the barge or its captain.

We therefore dismiss the appeal and affirm the decree below.