### ALGOMA CENTRAL & HUDSON BAY RY. CO. v. GREAT LAKES TRANSIT CORPORATION et al.
#### No. 77.

Circuit Court of Appeals, Second Circuit.
Dec. 14, 1936.

See, also, The Edward E. Loomis, 86 F.(2d) 705.

Duncan, Leckie, McCreary, Schlitz & Hinslea and Robert G. McCreary, all of Cleveland, Ohio, for appellant.

Brown, Ely & Richards, of Buffalo, N. Y. (John B. Richards, Laurence E. Coffey, and David S. Jackson, all of Buffalo, N. Y., of counsel), for appellee.

Stanley & Gidley, of Buffalo, N. Y. (Ray M. Stanley, of Buffalo, N. Y., of counsel), for certain claimants.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a decree in the admiralty, dismissing a shipowner's petition to limit its liability, filed under the Fifty-first Admiralty Rule (28 U.S.C.A. following section 723). The petitioner is a Canadian railway company, the owner of the steamer, "W. C. Franz," which on the night of November 14, 1934, collided with the steamer, "Edward E. Loomis," of the Great Lakes Transit Company, on Lake Huron, and sank in twenty-five fathoms of water. The railway filed a libel in personam against the Great Lakes company in the Northern District of Ohio, which the Great Lakes Company countered with a petition in the Western District of New York to limit its liability as owner of the "Loomis." The railway appeared in that suit, answered and made claim, as did certain other persons, members of the "Franz's" crew, who were injured, or whose decedents had been killed. While that suit was pending, the railway filed this petition in the Western District of New York to limit its own liability as owner of the "Franz"; since that vessel was a total loss and there was no pending freight, if it succeeds it will escape all liability; in Canada, on the other hand, it is said to be liable, as in England, at a specified rate per ton. This is the issue here at stake. The judge concluded that the petition would not lie in the Western District of New York, and dismissed it. The railway appealed.

The Fifty-fourth Admiralty Rule (28 U.S.C.A. following section 723) enacts that a petition for limitation may be filed where the "ship * * * may be libeled to answer; * * * or, if the said ship * * * be not libeled, then in * * * any district in which the said owner * * * may be sued; * * * when the said ship * * * has not been libeled * * * and suit has not been commenced against the said owner * * *, or has been commenced in a district other than that in which the said ship * * * may be, the said proceedings may be had in * * * the district in which the said ship * * * may be, and where it may be subject to the control of such court." Rule 57 of 1872 (13 Wall. xiii, xiv), allowed the suit to be brought when and where the ship had been arrested ("libelled"), or the owner sued; but Judge Benedict decided in The John Bramall, Fed.Cas.No.7,334, 10 Ben. 495, that it would also lie wherever the ship, its wreck, or its strippings were surrendered into court, provided neither ship nor owner had been sued; and this the Supreme Court confirmed in Re Slayton (1881) 105 U.S. 451, 26 L.Ed. 1066. The statute (section 184, title 46 U.S.Code [46 U.S.C.A. § 184]), uses the phrase, "in any court," and for this reason Rule Fifty-seven was not thought to be exhaustive as it then stood. But it was amended in 1889 (130 U.S. 705), so as to include the case dealt with in Re Slayton, supra, and it seems to us that it must now be regarded as filling out the whole scope of the statute. It was indeed almost inevitable that the owner should be allowed to choose the forum where the ship or her salvage was which he must surrender; at times it might be impossible for him to move it elsewhere, and in any case that would be the place for its sale. On the other hand it would be extremely burdensome and unfair, when there was nothing to surrender, to allow him to choose

any court he wished, regardless of the convenience of everybody else concerned.

The railway answers that, even though this be the right reading of the rule—which it denies—when the Great Lakes Company filed its petition under the Fifty-first Rule, it "sued" the railway within the meaning of the Fifty-fourth, and that that suit justified a counter petition of the same kind. Conceivably a proceeding under the Fifty-first Rule might be turned into a "suit." Suppose the petitioner were to interpose a counterclaim to a claimant's claim; that that counterclaim were for a greater amount; and that the petitioner wished to use it, not only as a set-off, but as the basis for an affirmative recovery against the claimant. If this were permissible in the limitation suit, it would pro tanto become an offensive suit. We can assume arguendo, that it would be permissible, because the Great Lakes Company has not filed such a counterclaim. It is true that in its answer to the railway's claim it has alleged that if both vessels are held at fault, it wishes to bring its loss together with any payments for which it will be liable to others, into hotchpot with the loss of the railway recoverable against itself. It gives notice that it will then ask to make the case one of "average or contribution"; but it is not clear that by this it means that, if its aggregate losses are greater than those of the railway, it will seek to recover half the difference. As matters stand, it is claiming nothing offensively against the railway, and, that possibility aside, the suit is purely defensive; it is merely to establish a concourse to which all must resort who would recover from it. The initiative does indeed always rest with the owner in such cases, but that cannot conceal the substance of the matter. When there is only one claim the suit, though permissible, (Larsen v. Northland Transportation Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096), is merely an alternative to a plea in bar to the claimant's action. The Scotland, 105 U.S. 24, 33, 34, 26 L.Ed. 1001. When there are more claims than one, a concourse is the only way to secure the owner's immunity, except at the greatest inconvenience and expense, if even these would avail. At no time can the owner recover a dollar by means of it from anybody. It is quite true that a decree may have some of the effects of a decree in an offensive suit; it will be res judicata in our courts, and possibly al-

so in Canada. If so, in the case at bar the Great Lakes Company can use it as an estoppel, if ever it sues the railway in that country. But the fact that matters decided in an action will be conclusively established elsewhere does not make the action offensive; that result always follows wherever the doctrine of res judicata obtains. It would just as little have determined the character of this limitation suit, though the railway could not have extricated itself. In fact, however, it could have done so; it could have discontinued the libel in Ohio; it could have withdrawn its claim in the Great Lakes limitation suit. The Titanic, 225 F. 747 (C.C.A.2). This would have freed its hands effectually, and it can scarcely complain that, having pressed its own claim, it must abide the consequences which follow any adjudication.

Decree affirmed.