Petition of TEXAS CO.

The LATIN AMERICAN.
No. 154–314.

United States District Court
S. D. New York.
Oct. 18, 1948.

Barry, Wainwright, Thacher & Symmers and Pyne, Lynch & Smith, all of New York City (Joseph M. Brush and Edward C. Kalaidjian, both of New York City, of counsel), for petitioner.

Purdy, Lamb & Catoggio, of New York City (Thomas J. Irving, of New York City, of counsel), for claimant, Andrew Verbesky.

LEIBELL, District Judge.

The Texas Company as owner of the steamtug Latin American instituted a proceeding in this Court on February 26, 1948 for exoneration from or limitation of liability. 46 U.S.C.A. § 183. The tug, with a barge alongside (the Texas 373), was in a collision with the Victory II, a fishing vessel, in the Kill Van Kull on August 16, 1947. In the limitation proceeding Andrew Verbesky as owner of the Victory II filed a claim on May 28, 1948 for $15,000 damages to his vessel. A number of passengers on the Victory II have filed claims for personal injuries in a total amount of $57,500. The value of the tug "Latin American" is put at $30,000.

The Texas Company now moves for leave to file a petition under the 56th Admiralty Rule, 28 U.S.C.A.[1] impleading Andrew Verbesky and the Victory II in the limitation proceeding, asserting that if the Texas Company is "held liable to any of the claimants in this proceeding, it is entitled to indemnification or contribution from the Victory II and its owner, Andrew Verbesky".

The petition which the Texas Company begs leave to file contains the following prayer for relief: "Wherefore, petitioner prays that process in due form of law may issue against the oil screw Victory II, her engines, etc., and that all persons claiming any interest therein may be cited to appear and answer under oath all and singular the matters aforementioned, and that process in personam in due form of law may issue

---

[1] "Rule 56. Right to Bring in Party Jointly Liable

"In any suit, whether in rem or in personam, the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter. This shall be done by petition, on oath, presented before or at the time of answering the libel, or at any later time during the progress of the cause that the court may allow. Such petition shall contain suitable allegations showing such liability, and the particulars thereof, and that such other vessel, or person ought to be proceeded against in the same suit for such damage, and shall pray that process be issued against such vessel or person to that end. Thereupon such process shall issue, and if duly served, such suit shall proceed as if such vessel or person had been originally proceeded against; the other parties in the suit shall answer the petition; the claimant of such vessel or such new party shall answer the libel; and such further proceedings shall be had and decree rendered by the court in the suit as to law and justice shall appertain. But every such petitioner shall, upon filing his petition, give a stipulation, with sufficient sureties, or an approved corporate surety, to pay the libellant and to any claimant or any new party brought in by virtue of such process, all such costs, damages, and expenses as shall be awarded against the petitioner by the court on the final decree, whether rendered in the original or appellate court; and any such claimant or new party shall give the same bonds or stipulations which are required in the like cases from parties brought in under process issued on the prayer of a libellant."

against Andrew Verbesky citing him to appear and answer under oath all and singular the matters set forth herein and that the respondent may be proceeded against as if originally made a party herein and if the court shall find that the claimants are entitled to a decree then that such a decree be entered against the respondent herein and that petitioner have such other and further relief in the premises as to the court may seem just."

It was alleged in the petition of the Texas Company for exoneration from or limitation of liability that Verbesky, as owner of the Victory II, had filed a libel in the Eastern District against the Texas Company to recover damages, in the sum of $15,000. It does not appear that Verbesky has filed a limitation proceeding in respect to the Victory II in any district.

The proctors for Verbesky oppose the present application of the Texas Company on the grounds that the 56th Admiralty Rule does not apply, that no party may be impleaded in a limitation proceeding, and that the owner of the vessel who brings the limitation proceeding cannot recover anything from anybody in that proceeding. Verbesky's proctors argue that by filing a claim in this limitation proceeding Verbesky has not made a general appearance herein, and that the filing of the claim was in a way mandatory because the limitation proceeding restrains Verbesky and every one else from instituting or prosecuting any claim against the Texas Company except in the limitation proceeding. The court file in this case does not contain any formal notice of appearance by Verbesky in this proceeding or any answer of Verbesky to the Texas Company petition for exoneration or limitation of liability. Other claimants have answered the petition.

The order entered on the Texas Company petition for exoneration or limitation of liability on February 26, 1948, contained, among others, the following provisions: "Ordered, that a Monition issue out of and under the seal of this court against all persons claiming damages for any and all losses, damages or injuries occasioned by or resulting from the collision between the tow of the steamtug Latin American and

the fishing boat, Victory II on August 16, 1947, citing them to appear before this court and file their respective claims in writing and under oath with the Clerk of this court on or before the 1 day of June, 1948, at 10:30 o'clock in the forenoon, and to serve copies thereof on the proctors for the petitioner on or before the return day of the monition and to prove the same in accordance with the rules and practice of this court on notice to all parties and with liberty also to anyone filing a claim as aforementioned to answer the allegations of the petition herein under oath; and it is further

\*     \*     \*     \*     \*     \*

"Ordered, that except in the present proceeding the beginning or prosecution of any and all suits, actions or legal proceedings of every nature or description whatever, against the steamtug Latin American and the petitioner or either of them in respect of any claim arising out of the collision between the steamtug Latin American and her tow and the fishing boat, Victory II which occurred on August 16, 1947, be and they hereby are stayed and restrained until the hearing and determination of this proceeding; \* \* \*"

The monition contained, among others, the following provisions: "You Are Therefore Commanded to cite all persons claiming damages for any loss, damage or injury occasioned by or resulting from this collision to appear before this court and file their respective claims, in writing and under oath with the Clerk of this court at the United States Courthouse, Foley Square, New York 7, New York on or before the 1st day of June 1948 at 10:30 o'clock in the forenoon and to serve copies thereof on the proctors for the petitioner, and

"You Are Also Commanded to cite such claimants as desire to contest the claims of the petitioner and appear and answer the petition herein under oath on or before the last named date, or within such further time as the court may grant and to have and receive such relief as may be due;"

The limitation of an owner's liability when his vessel has been in collision is

provided for by statute. 46 U.S.C.A. § 183 states in part:

"§ 183. Amount of liability; loss of life or bodily injury; privity imputed to owner; 'seagoing vessel'

"(a) The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

"(b) In the case of any seagoing vessel, if the amount of the owner's liability as limited under subsection (a) is insufficient to pay all losses in full, and the portion of such amount applicable to the payment of losses in respect of loss of life or bodily injury is less than $60 per ton of such vessel's tonnage, such portion shall be increased to an amount equal to $60 per ton, to be available only for the payment of losses in respect of loss of life or bodily injury. If such portion so increased is insufficient to pay such losses in full, they shall be paid therefrom in proportion to their respective amounts." [Subdivisions (c) and (d) of the Section are not important on this application.]

Rule 51 of the Admiralty Rules contains a provision that the limitation of liability proceeding may be instituted through the filing of a libel or petition in the court, and that, when certain conditions are satisfied, the court shall issue a monition—"against all persons claiming damages for any such embezzlement, loss, destruction, damage or injury, citing them to appear before the said court and file their respective claims at or before a certain time to be named in said writ, not less than 30 days from the issuing of the same; and public notice of such monition shall be given as in other cases, and such further notice served through the post office, or otherwise, as the court, in its discretion, may direct; and the said court shall also, on the application of the said owner or owners, make an order to restrain the further prosecution of all and any suit or suits against said owner or owners in respect to any such claim or claims".

Rule 52 relates to the proof of claims filed pursuant to the monition and the pro rating of the moneys among the claimants in the proceeding. Rule 53 provides that the owner of the vessel may contest his liability or the liability of the ship for any of the claims filed provided his libel or petition states the facts or circumstances by reason of which exemption from liability is claimed, and any claimant—"shall and may answer such libel or petition, and contest the right of the owner or owners of said ship or vessel, either to an exemption from liability, or to a limitation of liability under the said act of Congress, or both, provided such answer shall in suitable allegations state the facts and circumstances by reason of which liability is claimed or right to limitation of liability should be denied."

The claim filed by Verbesky, in paragraph Third, states:

"Third: The aforesaid collision and the resulting damage was not caused or occasioned through any fault, neglect or want of care on the part of the claimant or those in charge of the Victory II, but was caused and occasioned by the fault, neglect and want of care of the tug Latin American and those in charge of her, in the following respects among others:

1. In that those in charge of the tug Latin American were careless, incompetent and inattentive to their duties.

2. In failing to have and maintain a proper and efficient lookout.

3. In failing to keep to its own starboard side of the channel.

4. In violating the Narrow Channel Rule.

5. In failing to answer the one whistle signal of the Victory II.

6. In failing to so navigate as to pass the Victory II port to port.

7. In failing to take any measures or any proper measures to avoid collision.

8. In failing to stand by after the collision;

and in other respects which will be pointed out upon the trial of this action."

These allegations are such as are usually found in a cross libel, but Verbesky has not yet filed an answer to the Texas Company petition for exoneration from or limitation of liability.

█ The relief sought by the impleading petition which the Texas Company begs leave to file seems to go beyond that which the court may grant the Texas Company in these limitation proceedings. However, the Texas Company is entitled to have Verbesky answer the Texas Company's petition for exoneration from or limitation of liability, so that in this proceeding wherein Verbesky seeks an allowance of his claim for damage to the Victory II, the Court may adjudicate as between the Texas Company and Verbesky the question of who was at fault. That determination would be "res judicata" in any other litigation between them involving that issue. The opinion of Judge Learned Hand in Algoma Central & Hudson Bay Ry. Co. v. Great Lakes Transit/ Corp. et al., 2 Cir., 86 F.2d 708, 710 seems to be authority for that much relief, although he stated that "At no time can the owner recover a dollar by means of it (the limitation proceeding) from anybody".

█ If, in the limitation proceedings, the Texas Company is able to establish that its tug Latin American was free from fault, it will be entitled to exoneration from liability as to all claimants, including Verbesky. For the passenger claimants to establish liability on the part of the Texas Company, the claimants need not show that the tug Latin American was solely at fault. If the right to limit liability is established and if it be shown that both vessels, the tug and the Victory II, were at fault, the passenger claimants would be entitled to the allowance of the full amount of their claims as proved against the Texas Company in this limitation proceeding, as a joint tort feasor.

█ To permit Verbesky to collect on his claim for damage to the Victory II in the limitation proceeding, if both vessels were at fault, would not be equitable. A proceeding for limitation of liability is equitable in its nature. In re Curtis Bay Towing Co., D.C., 63 F.Supp. 72; In re Morrison, 147 U.S. 14 at page 34, 13 S.Ct. 246, 37 L.Ed. 60; Algoma Central & Hudson Bay Ry. Co. v. Great Lakes Transit Corp., 2 Cir., 86 F.2d 708. It therefore seems proper to adjudicate in this limitation proceeding as between the Texas Company and Verbesky, the issue of fault. If both vessels are found to have been at fault, Verbesky's claim would be allowed at only half his damage, and as against that half the Texas Company could setoff, by way of contribution, one half the amount the Texas Company would have to pay to the other claimants in this limitation proceeding.

I have examined the case of The Clio-The Springhill,[2] 1948 A.M.C. 75, from which proctors for the Texas Company argue that they are entitled to seek the full relief prayed for in the petition to implead which they ask leave to file. In that case a vessel owner, sought to be impleaded, had also instituted a limitation proceeding in respect to its own vessel and its own liability. But even if that case went as far as the Texas Company's proctors claim, I do not think it need be followed in the case at bar. An order directing Verbesky to answer under oath the allegations of the Texas Company's petition for exoneration from or limitation of liability, will sufficiently protect the interests of the petitioner at this time. Settle an order accordingly.

[2] No opinion for publication.