Petition of HEALING & SON, Inc. and 56 Other Cases.*

THE KENNETH E. HEALING.

THE JAMES HEALING.

THE EUGENE F. HEALING.

THE GEORGE J. HEALING.

Civ. No. 554-50.

United States District Court
D. New Jersey.

July 29, 1954.

Carpenter, Gilmour & Dwyer, James D. Carpenter, Jersey City, N. J., Thomas Kennedy, Passaic, N. J., of counsel, for Pennsylvania R. R.

Emory, Langan & Lamb, James J. Langan, Jersey City, N. J., for Baltimore & O. R. R.

Toner, Crowley, Woelper & Ackerman, John A. Ackerman, Newark, N. J., for A. & M. Trading Corp., and others.

Kristeller & Zucker, Lionel P. Kristeller, Newark, N. J., for Bernard Ackerman, and others.

Harry Green, Little Silva, N. J., Samuel A. Bloom, Newark, N. J., for Dewey J. Smith, and others.

John W. Taylor, William F. Little, Jr., Newark, N. J., for Seaboard Coal & Dock Co., Inc.

Wilentz, Goldman, Spitzer & Sills, by David T. Wilentz, Perth Amboy, N. J., for Aetna Casualty & Surety Co., and others.

Stryker, Tams & Horner, by Burtis S. Horner, Newark, N. J., Louis J. Milano, South River, N. J., John P. McGuire, Perth Amboy, N. J., for American Agricultural Chemical Co.

Shaw, Hughes & Pindar, by John E. Hughes, Newark, N. J., Jerome L. Yesko, Paterson, N. J., Harry Lane, Jr., Red

---

\* See Footnote (2).

Bank, N. J., John C. Stockel, Perth Amboy, N. J., for Catherine C. Dugan, Adm. Ad Pros., for Estate of Joseph A. Dugan.

Rafferty & Blacher, by Philip Blacher, New Brunswick, N. J., for Sun Oil Co.

Nathan Baker, Newark, N. J., for Ethel Healing, Admrx., and others.

Smith, Slingerland, Trauth & Holtz, Elmer F. Holtz, Newark, N. J., for National Carloading Co.

Pitney, Hardin & Ward, Frank C. O'Brien, Newark, N. J., for Hercules Powder Co.

Katzenbach, Gildea & Rudner, George Gildea, Trenton, N. J., for Reading Company.

Pierre P. Garven, Asst. U. S. Atty., Ridgewood, N. J., for the United States.

John G. Flanigan, Jersey City, N. J., Macklin, Speer, Hanan & McKernan, Richard S. Leahy, New York City, of counsel, for Burns Bros., Louis O'Donnell, Hugh O'Donnell and O'Donnell Transporation Co., Anthony Boyle, Inc., M. & J. Tracy, Inc., D. J. Sargent and Sargent Line Corp., Sinram Brothers, Inc. and Long Island Lighting Company.

FORMAN, Chief Judge.

Pennsylvania Railroad Company moved for an order pursuant to Rule 42(a)[1] of the Federal Rules of Civil Procedure, 28 U.S.C., to consolidate fifty-six other pending suits[2] arising out of the South Amboy explosion of May 19, 1950[3] for the purpose of trial to the end that they should be heard in admiralty in the limitation of liability action entitled In the Matter of Petition of Healing & Son, Inc., et al., Civil Action 554–50, upon the ground that all of said actions present common questions of law and fact.

The Baltimore and Ohio Railroad Company supported the motion of the Pennsylvania Railroad Company. The United States expressed no opposition.

Seaboard Coal Dock Company, Inc. has been sued by Mary E. Ackerley, Administratrix, in this court under the name of Seaboard Coal Docks, Inc., Civil Action No. 477–52, together with

---

1. "(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

2. The 56 pending suits fall into the following categories:

Petitions Based on Limitation of Liability
Civil Actions Nos. 914–50, 915–50, 916–50, 917–50 — 4

Libel Against Kilgore Mfg. Co.
Civil Action No. 387–52 — 1

Suits Against Pennsylvania R. R. Co. and Others
Civil Action Nos. 471–51, 472–51, 75–52, 353–52, 367–52, 440–52, 447–52, 477–52 — 8

Suits Against United States and Other Defendants
Civil Action Nos. 385–52, 465–52, 466–52, 467–52, 468–52, 469–52, 470–52 — 7

Suits Against United States Solely
Civil Action Nos. 973–50, 974–50, 975–50, 976–50, 985–50, 299–51, 418–51, 432–51, 620–51, 621–51, 622–51, 623–51, 624–51, 625–51, 720–51, 730–51, 349–52, 372–52, 373–52, 445–52, 448–52, 449–52, 452–52, 453–52, 454–52, 457–52, 458–52, 459–52, 463–52, 471–52, 472–52, 473–52, 474–52, 475–52, 476–52, 479–52 — 36

56

3. A statement of allegations of fact made by plaintiffs concerned in this explosion may be found in Pennsylvania R. Co. v. United States, D.C.1953, 111 F.Supp. 80, 81–83, and in another opinion in Pennsylvania Railroad Co. v. United States, 124 F.Supp. 54, Civil Action No. 385–52 and three related cases (Nos. 449–52, 973–50 and 367–52) filed July 29, 1954.

12 co-defendants. It is a defendant in no other action. It opposed the consolidation of its case with the others on the ground that an oppressive burden would be cast upon it if it were compelled to participate at length in the defense of litigation, in much of which, it asserts, it is not involved. Other plaintiffs in death cases in the New Jersey courts and in this court in suits against the United States took no position, while still other plaintiffs in five actions were not adverse to consolidation of the civil actions, but opposed consolidation of their suits in the admiralty action lest they be deprived of a jury trial thereby.

The main opposition was expressed by counsel for A. & M. Trading Corp., et al., and many other plaintiffs in other cases. These comprised approximately 8600 plaintiffs in some twenty suits pending in the Superior Court of New Jersey, Law Division, Mercer County.[4] With the exception of certain suits against the Healing Companies, stayed by this court, they constitute all the cases arising out of the South Amboy explosion pending in the Superior Court of New Jersey. Thirteen defendants[5] have been served in the state actions. All are defendants in sixteen of the suits. There are nine defendants common to all of the twenty cases. Eleven firms of lawyers represent all of the plaintiffs in the state court suits.

There can be no question that if all the cases in all of the various jurisdictions arising out of the catastrophe could be concentrated in a single court in one proceeding economy of expense and efficiency would be best served. To this end the movant and those joining it now propose that the admiralty court of this district can best serve that purpose and can encompass all or nearly all of the litigation. They point to the scope of the limitation of liability proceeding asserting that in that area admiralty exercises broader power than in the course of its ordinary jurisdiction, pointing to the case of Hartford Accident & Indemnity Co. v. Southern Pacific Co., 1927, 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612.

In that case the owner of a wooden oil tank barge filed a libel in the United States District Court for the Southern District of Texas alleging that an explosion took place in one of its tanks causing fire; that a steamer was damaged by the fire and that death and injuries were caused to persons on its barge; that the damage to the steamer was due not to its barge but to the steamer's negligent handling; liability was contested by it and that of its barge, but in any event, it sought to limit its statutory liability to the value of the barge ($250) and its freight ($11,076.85). The claims amounted to a much larger sum than the value of the barge and freight. The claimants came in and the petition for limitation was denied, although the claims were allowed in whole or in part. The court ordered the stipulated value of the barge and freight to be applied in payment of the costs of court and the remainder pro rated among the claimants unless the decree was appealed or satisfied.

An appeal was taken to the Court of Appeals of the Fifth Circuit, which affirmed the District Court, 3 F.2d 923. Certiorari was granted, 267 U.S. 590, 45 S.Ct. 462, 69 L.Ed. 802. In the Supreme Court the petitioner contended that it

4. Following removal to this court these cases were ordered remanded to the State Court. Boncek v. Pennsylvania R. Co., D.C., 105 F.Supp. 700.

5. Pennsylvania Railroad Company, a Pennsylvania Corporation. Baltimore & Ohio R. R. Company, a Maryland Corporation. Reading Company, a Pennsylvania Corporation. Central Railroad of New Jersey, a New Jersey Corporation. Erie Railroad, a New York Corporation. Is-

brandtsen Co., Inc., a New York Corporation. National Carloading Company, a Delaware Corporation. Hercules Powder Company, a Delaware Corporation. Luke J. Lyons, employee of Pennsylvania Railroad Company. Robert Van Sciver, employee of Pennsylvania Railroad Company. William Price, employee of Pennsylvania Railroad Company. Austin F. Stolte, employee of Pennsylvania Railroad Company. Albert Ely, employee of Hercules Powder Company.

could become liable only in the event that limitation of liability was granted; since it had been denied, there ceased to be a res in court and that suits for claims against the shipowner must be conducted in a court having jurisdiction on other grounds. After discussing the history and object of the Limitation of Liability Act (now 46 U.S.C.A. § 189) [6], the Court stated:

"It is quite evident from these cases that this Court has by its rules and decisions given the statute a very broad and equitable construction for the purpose of carrying out its purpose, and for facilitating a settlement of the whole controversy over such losses as are comprehended within it, and that all the ease with which rights can be adjusted in equity is intended to be given to the proceeding. It is the administration of equity in an admiralty court. Dowdell v. United States District Court, 9 Cir., 139 F. 444, 445. The proceeding partakes in a way of the features of a bill to enjoin a multiplicity of suits, a bill in the nature of an interpleader, and a creditor's bill. It looks to a complete and just disposition of many-cornered controversy, and is applicable to proceedings *in rem* against the ship, as well as to proceedings *in personam* against the owner, the limitation extending to the owner's property as well as to his person. The City of Norwich, 118 U.S. 468, 503, 6 S.Ct. 1150, 30 L.Ed. 134." 273 U.S. at pages 215–216, 47 S.Ct. at page 359.

The judgment of the Court of Appeals was affirmed.

It is largely upon this case that the movants believe their efforts to achieve the maximum concentration of this litigation should be realized. They urge that the determination of issues in the limitation action would be res adjudicata, thus assuring to all persons claiming a final and conclusive adjudication both as to amount of damages against and liability upon the part of, the Healings. Furthermore, they urge that under Admiralty Rule 52, 28 U.S.C.A., final and conclusive adjudication of disputes between the claimants themselves would also be permitted. Consolidation of the law actions for trial with the limitation proceedings would further eliminate multiple actions in both the Federal and state courts, they assert, and work a complete unification of the litigation, or at least substantially so. Failure of consolidation, on the other hand, they contend, will work hardship and injustice involving them in repetitious litigation and even more "subtle" prejudice. This would manifest itself in that the state court plaintiffs would have a separate opportunity to try the Healings and United States claims in the Federal courts and would be afforded an opportunity to take the inconsistent position of asserting that the absent Healings and United States, defendants in the state courts, are not responsible and that the only culpable ones are the state court defendants, while in the Federal court they would be free to insist that the absent state court defendants are innocent and that the United States and Healings, as the case may be, are the guilty parties. Since the Healings and the United States were at the center of the disaster they say it would be unfair and unfortunate if the litigation went forward first in the forum into which they could not be brought.

The burden of the opposition of the objecting plaintiffs was that the limitation proceedings in the Healing admiralty actions in this court are no substitute for

6. "Limitation of liability of owners of vessels for debts. The individual liability of a shipowner shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole; and the aggregate liabilities of all the owners of a vessel on account of the same shall not exceed the value of such vessels and freight pending: Provided, That this provision shall not prevent any claimant from joining all the owners in one action; nor shall the same apply to wages due to persons employed by said shipowners."

the state court actions and will not adjudicate the issues therein and the present motions for consolidation will not avoid costs unduly or be in furtherance of convenience.

It would appear that while the pronouncements of the Supreme Court in the Hartford case gave broad power to the admiralty court in the limitation proceeding it was not the claimants who contested the court's jurisdiction, but rather the vessel owner or its stipulator. The theory of the Court in that case is manifest when it says:

"The jurisdiction of the admiralty court attaches *in rem* and *in personam* by reason of the custody of the res put by the petitioner into its hands. The court of admiralty, in working out its jurisdiction, acquires the right to marshal all claims, whether of strictly admiralty origin or not, and to give effect to them by the apportionment of the *res* and by judgment *in personam* against the owners, so far as the court may decree. It would be most inequitable if parties and claimants brought in against their will, and prevented from establishing their claims in other courts, should be unable to perfect a remedy in this proceeding promptly, and should be delayed, until after the possible insolvency of the petitioner, to seek a complete remedy in another court, solely because the owner cannot make his case of personal immunity. Benedict's Admiralty, 5th Ed., 488. If Congress has constitutional power to gather into the admiralty court all claimants against the vessel and its owner, whether their claims are strictly in admiralty or not, as this court has clearly held, it necessarily follows, as incidental to that power, that it may furnish a complete remedy for the satisfaction of those claims by distribution of the *res*, and by judgments *in personam* for deficiencies against the owner, if not

released by virtue of the statute." 273 U.S. at page 217, 47 S.Ct. at page 359.

This looks rather to the availability of the admiralty court to claimants for adjudication of their claims against a petitioner for limitation where they desire to press them even though the basic limitation of liability is denied. There is nothing inconsistent in the holding of the Hartford case with the limitation in the statute conferring jurisdiction in admiralty on the district courts in which it is specifically provided that there shall be saved "to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333.

In the case of Langnes v. Green, 1930, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520,[7] the sole claimant had instituted an action in a state court for personal injuries sustained while employed on a vessel subsequently, the defendant, sole owner of the vessel, filed a petition to limit liability as a result of which the Federal court restrained further proceedings in the state court. The respondent moved to dissolve the injunction after filing his claim pursuant to the monition served upon him. In that case the Court said:

"Upon the face of the record, the state court, whose jurisdiction already had attached, was competent to afford relief to the petitioner. The difference in the effect of adopting one or the other of the two alternatives presented to the District Court was obvious. To retain the cause would be to preserve the right of the shipowner, but to destroy the right of the suitor in the state court to a common law remedy; to remit the cause to the state court would be to preserve the rights of both parties. The mere statement of these diverse results is sufficient to demonstrate the justice of the latter course; and we do not doubt that, in the exercise of a sound

---

7. Amplified in Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212.

discretion, the District Court, following that course, should have granted respondent's motion to dissolve the restraining order so as to permit the cause to proceed in the state court, retaining, as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but (since it must be assumed that respondent's motion was not an idle gesture but was made with full appreciation of the state court's entire lack of admiralty jurisdiction) the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court, or the case otherwise assume such form in that court as to bring it within the exclusive power of a court of admiralty. The failure to do this, in our opinion, constituted an abuse of discretion subject to the correcting power of the appellate court below and of this court." 282 U.S. at pages 541–542, 51 S.Ct. at page 247.

The Court further specifically approved the following language from the case of The Lotta, D.C., 150 F. 219, wherein it was held as follows:

" 'All that the petitioner can fairly claim is that he should not be subject to a personal judgment for an indefinite amount and beyond the value of his interest in the Lotta and her freight. There is no reason to doubt that this proper defense may be availed of in the state court, and if there is an ulterior purpose, and petitioner's object in invoking the jurisdiction of this court is to escape a jury trial and take the case away from the common-law jurisdiction, that purpose shall receive no countenance here; for the

act which gives this court its admiralty and maritime jurisdiction saves to suitors in all cases the right of the common-law remedy where the common law is competent to give it, and good faith requires that this proviso shall have its full and fair effect.' " 282 U.S. at page 543, 51 S.Ct. at page 248.

See Petition of Moran Transp. Corp., 2 Cir., 1950, 185 F.2d 386, 389.[8]

Although we are dealing with many state court plaintiffs here instead of one, there would seem to be sound reason to follow this guide post.

The variations in the cases sought for consolidation are many. The thirty-six government cases must be tried without a jury. There are cases involving individual plaintiffs against multiple defendants with and without juries. The subtleties of trial tactics concerning absent defendants, as suggested by the movant, can be appropriately counteracted by as skillful counsel as are here involved. The loss to the state court plaintiffs of the forum of their choice and jury trials are important considerations. The actual limitation of liability issue in any event must be heard in the Federal court. It is quite unlikely that the device of thrusting all the pending litigations here into the limitation proceeding would accomplish the result of avoiding duplication and make for any more efficiency than by having the cases in the state courts take their normal course.

This is especially so since the decision of that court to hear in a consolidated trial the issue of liability in all of the cases pending there.

In deciding then to deny the motion to consolidate regard is being paid to

8. Particularly Footnote 7, which reads as follows:
" 'The privilege of limiting liability is not part of any doctrine of *forum non conveniens;* a shipowner, sued in several places by several persons, has no advantage over other persons in the same position.' Curtis Bay Towing Co. v. Tug Kevin Moran, 2 Cir., 159 F.2d 273, 276.

"There were perhaps contrary intimations in Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, 216, 47 S.Ct. 357, 71 L.Ed. 612. But there the claimant had begun its suit in the admiralty court and thus was not deprived of a right to go to the state court. In the subsequent Green cases, the claimant had sued in the state court."

the equities of the plaintiffs in their state court actions which seem to be greater than advantages that can be realistically expected to flow from attempted consideration in the limitation proceedings of all of the complicated issues and forms of action in these numerous suits.

An order should be taken denying the motion.