Petition of **MOORE–McCORMACK LINES, Inc.**, as owner of **THE Steamship MORMACKITE** for exoneration from or limitation of liability.

**MOORE–McCORMACK LINES, Inc.,**
Cross-Libellant,

v.

**Claire S. McMAHON, as executrix under the last will and testament of Patrick McMahon, deceased, Respondent.**

**MOORE–McCORMACK LINES, Inc.,**
Cross-Libellant,

v.

**Luisa Virginia WALL, as Administratrix of the goods, etc., of Edward T. Wall, Respondent.**

**MOORE–McCORMACK LINES, Inc.,**
Cross-Libellant,

v.

**Jean O. RICHARDSON, as executrix under the last will and testament of Harold R. Richardson, deceased, Respondent.**

United States District Court
S. D. New York.
Nov. 15, 1955.

Burlingham, Hupper & Kennedy, New York City, for petitioner and cross-libellant. Eugene Underwood, Benjamin E. Haller, New York City, Robert B. Pohl, Brooklyn, N. Y., of counsel.

Paul C. Matthews, New York City, for respondent Claire S. McMahon. Edwin M. Bourke, New York City, of counsel.

Trapp & Hohmann, Bigham, Englar, Jones & Houston, New York City, for cross-respondents, Luisa Virginia Wall and Jean O. Richardson. William F. Andersen, Pelham, N. Y., of counsel.

CLANCY, District Judge.

This is a motion to sustain exceptions to a pleading described as a cross-libel. The cross-libellant is the petitioner in a proceeding to limit its liability arising out of the sinking of its vessel at sea. In the limitation proceeding the administrators of several officers as well as members of the crew filed claims for personal injuries and death. Thereupon the cross-libellant filed its libel claiming non-contractual indemnity from the estates of the deceased officers in a sum which appears to represent the total of all claims.

Benedict on Admiralty, Vol. 2, 6th Edition, page 455, states as the general rule: "A damage claimant in a limitation proceeding who files an answer to the petition for limitation cannot be treated as a libellant for the purpose of subjecting him to a cross-libel." Citing The Steel Inventor, 1925 A.M.C. 226. Later, in that limitation proceeding, In re United States Steel Products Co., 2 Cir., 24 F.2d 657, cargo claimants were allowed to intervene to assert claims against an answering libellant, the United States, the owner of a colliding vessel. The theory of the decision, stated, 24 F.2d on page 658, is that the sum awarded or to be awarded as the value of the colliding vessel is the res and a substitute for the vessel. Before such a res should be paid out, just claims against it must be paid. Such claims would include those related to the subject matter of the litigation which is the collision. The vessel of the United States, the claimant, is treated as a res before the Court as well as was in fact the vessel of the petitioner. The claim allowed was a claim against the

res, the just apportionment of which was before the Court for determination.

The cross-libellant here asserts a claim in indemnity. No collision is involved in the case and the indemnity claim does not arise out of the sinking but out of the relationship of the parties. We know of no authority that permits such an alleged cross-libel.

The exceptions are sustained.