Petition of Horace A. HOCKING, as owner of THE M/B POMPANO II, her engines, etc., in a cause of limitation of or exoneration from liability.

Civ. No. 127–56.

United States District Court
D. New Jersey.

Oct. 10, 1956.

Smith, Slingerland, Trauth & Holtz, Newark, N. J., by Charles W. Hagen, New York City, for petitioner.

Baker, Garber & Chazen, Hoboken, N. J., Richter, Lord & Farage, Philadelphia, Pa., for claimants, Klonsky & Steinman, New York City, of counsel.

On January 30, 1956, five plaintiffs, Florence Turner, John W. Turner, Elizabeth Gross, James Gross and Ernest Storr, brought an action under the diversity jurisdiction of this court, Civil 80–56, against Horace A. Hocking and his son, Horace L. Hocking, who is described as an infant over the age of 15 years. The gist of the complaint was the charge that Horace L. Hocking was a person of violent and dangerous propensities but despite knowledge of this his father, Horace A. Hocking, permitted him to operate the motorboat Pompano II, owned by the father. The plaintiffs claim to have been in a rowboat in the bay waters off Ship Bottom, New Jersey, when they were caused to have suffered severe personal injuries by the negligent operation of the Pompano II while piloted by Horace L. Hocking.

No answer was filed to the law action, but instead Horace A. Hocking petitioned this court under 46 U.S.C. § 183 et seq. for limitation of, or exoneration from, liability. All five plaintiffs in the law action have filed claims in the limitation proceeding and have answered the petition, challenging Horace A. Hocking's right to limitation. The motorboat appears to be worth only $3,500 and the personal injury claims total $305,000 and thus it is clear that the right to limitation becomes a crucial issue in the case. Prosecution of the law action has, of course, been enjoined.

Horace A. Hocking has now moved in the limitation proceeding to implead one of the damage claimants, Ernest Storr. In the impleading petition, filed under the authority of Admiralty Rule 56, 28 U.S.C., it is alleged that the damage to the plaintiffs in the law action was solely the fault of Storr. Since Rule 56 provides that after impleader "such suit shall proceed as if such vessel or person had been originally proceeded against", the relief requested is that the other four claimants recover the amounts to which they are entitled against Storr, as well as any appropriate relief by way

of remedy over against Storr should Horace A. Hocking be held liable.

All of the damage claimants have moved to dismiss the impleading petition. Thus, the question presented is: Does Admiralty Rule 56 afford authority for the impleader of damage claimants by the petitioner in a limitation of liability proceeding?

The allowance of the impleader is almost entirely a matter of discretion:

"For by its very nature, the determination of whether a proposed impleader comes within the Rule is a matter which must be committed to the careful, informed judgment—discretion—of the Trial Judge as he sees a case developing." Cargill, Inc., v. Compagnie Generale Transatlantique, 5 Cir., 1956, 235 F.2d 240, 242.

In that case the respondent to a libel for demurrage sought to implead the Commodity Credit Corporation under Rule 56 on the theory that any damage to the libellant was caused by the Commodity Credit Corporation's breach of its contract in failing to have the cargo available as agreed. The trial court dismissed the impleader. This dismissal was affirmed as within the trial court's discretion, the court saying, however, that Rule 56

" * * * takes proper account of the legal capacity of United States District Judges who, in their daily grappling with today's complex litigation, successfully meet the challenge of assimilation of intricate, voluminous evidence in endless fields of the law. To such a Judge, mixing a tort with a contract case, separating evidence for its application to one but not the other phase of an action, applying one basis of liability or measure of damages to one but a different standard to another, is hardly the sort of problem we should hold exceeds his competence if he determines to undertake it." 235 F.2d at page 243.

Two other recent cases in district courts have denied the right to implead which this petitioner now asserts. Petition of Texas Co., D.C.S.D.N.Y.1948, 81 F.Supp. 758 and New Jersey Barging Corp. v. T. A. D. Jones & Co., D.C.S.D. N.Y.1955, 135 F.Supp. 97. However, it may be possible to distinguish these cases on the fact that in both of them the damage claimants sought to be impleaded had merely filed claims in the limitation proceedings and had not answered the petition for limitation as have the damage claimants in this proceeding. But any blanket rule which would deny a petitioner in a limitation proceeding the right, in appropriate circumstances, to implead a damage claimant does violence to present-day procedural philosophy which decrees that in admiralty as elsewhere all the controversies arising out of a single transaction or occurrence shall be disposed of wherever possible in one legal proceeding. British Transport Commission v. United States, 4 Cir., 1956, 230 F.2d 139, 143–145, certiorari granted 77 S.Ct. 59; Moore-McCormack Lines v. McMahon, 2 Cir., 1956, 235 F.2d 142.

In Moore-McCormack Lines v. McMahon, supra, the Court of Appeals for the Second Circuit permitted a practice highly similar to that under consideration. In that case, after the sinking of one of its ships at sea with a substantial loss of life among the crew, the owner petitioned for limitation of liability. Numerous claims were filed in the limitation proceeding, including claims by personal representatives of several officers. The owner then cross-libeled the estates of the officers whose negligence, it alleged, had actually caused the sinking and sought indemnification from those estates for any loss it should incur arising out of the sinking. The district court denied the owner the right to file cross-libels against the estates of the allegedly negligent officers. Petition of Moore-McCormack Lines, D.C.S.D.N.Y.

1955, 141 F.Supp. 795, but the Court of Appeals reversed, saying:

" * * * approach to modern admiralty as to modern civil procedure should be to permit convenient practice where we know of no authority that forbids." 235 F.2d at page 143.

Certainly to permit impleader in this case is to permit "convenient practice". All liability issues can be concentrated in one proceeding. And although Storr is a Pennsylvania citizen, it will impose no hardship upon him to be impleaded in this jurisdiction for, because by his complaint in this court in the law action and his answer to the petition for limitation of liability, he has already obligated himself to litigate in this forum issues concerning the same facts that will be involved in trying the issues tendered by the impleading petition.

This impleader, however, presents an added factor not found in any of the reported cases considering the effect of Admiralty Rule 56 on limitation proceedings. That factor is the complicating presence of a concurrent law action on the same facts brought by the damage claimants against the petitioner for limitation. The law action is permitted by the "saving clause" of 28 U.S.C. § 1333 which decrees that the federal district courts "shall have original jurisdiction, exclusive of the courts of the States, of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

The policy of admiralty has been to infringe the right to jury trial under the saving clause as infrequently as possible. See Petition of Healing & Son, Inc., D.C.D.N.J.1954, 124 F.Supp. 46. Thus, where there is only one claim against a petitioner in limitation and no more are possible or reasonably expected the limitation action will lie dormant until the jury action against the petitioner in limitation is completed and it need be activated only in the event that the recovery at law exceeds the value of the ship plus her pending freight. Langes v. Green, 1931, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 1932, 286 U.S. 437, 52 S.Ct. 602, 76 L. Ed. 1212; Waldie Towing Co. v. Ricca, 2 Cir., 1955, 227 F.2d 900, 901 and cases cited. An analogous principle is that in the event that the maximum of all claims is less than the available fund, admiralty will ordinarily permit the damage claimants to proceed in their law actions, the necessity for limitation being non-existent. Petition of Texas Co., 2 Cir., 1954, 213 F.2d 479, certiorari denied Texas Co. v. United States, 1954, 348 U.S. 829, 75 S.Ct. 52, 99 L.Ed. 653. And when it is decided that there is no right to limitation, admiralty permits the damage claimants to elect whether to return to their law actions, In re Wood's Petition, 2 Cir., 1956, 230 F.2d 197, or to remain in admiralty and utilize its jurisdiction for the assessment of damages. Hartford Accident & Indemnity Co. of Hartford v. Southern Pacific Co., 1927, 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612; Just v. Chambers, 1941, 312 U.S. 383, 668, 61 S.Ct. 687, 85 L.Ed. 903; The James Horan, 10 F. Supp. 363, D.C.D.N.J.1935, affirmed 3 Cir., 1935, 78 F.2d 870, certiorari denied Warner-Quinlan Co. v. Swan-Finch Oil Corp., 1935, 296 U.S. 621, 56 S.Ct. 142, 80 L.Ed. 441. Of course, when the fund is limited and the total of claims exceeds it in amount recourse to the law action is not permitted. This is because of the interests of the claimants in minimizing one another's damages in their efforts to secure for themselves a greater share in the pro rata distribution. See Petition of Trinidad Corporation, 2 Cir., 1955, 229 F.2d 423, 428.

Based on the foregoing principles this should be approximately the future procedural course of this case,[1] subject to

---

1. Because of the near impossibility of anticipating every possible turn of events in the case, the outline is intended to be more suggestive than mandatory.

the right of the parties to make appropriate stipulation otherwise:

1. The limitation action, including the impleader of Storr, will go to trial. There the right of Horace A. Hocking to limit his liability will be decided. Since his petition for limitation of or exoneration from liability necessarily involves the issue of his fault, that, too, will be decided and the result of the resolution of that issue will be res judicata in other litigation involving these claimants on the one side and Horace A. Hocking on the other. Algoma Central & Hudson Bay Ry. Co. v. Great L. T. Corp., 2 Cir., 1936, 86 F.2d 708; British Transport Commission v. United States, supra, 230 F.2d at page 144; Petition of Texas Co., supra, 81 F.Supp. at page 762. At the same time the issue of Storr's fault tendered by the impleader will also be tried, and under the Algoma and British Transport cases that question will also be res judicata in future proceedings involving these parties.

2. If Hocking is exonerated, he will be out of the case, but if Storr has been found at fault the remaining claimants may have damages against him.

3. If limitation is allowed damages will be apportioned in the limitation proceeding. Petition of Trinidad Corporation, supra. At the same time any allowable recovery against Storr may be pursued by the other claimants as well as any permissible recovery over against Storr by Hocking.

4. If limitation is denied it will have been decided that Hocking is personally at fault and under In re Wood's Petition, supra, the claimants may elect to have a jury trial in the law action of the issue of damages against Hocking. The principle of comparative negligence will apply, Pope & Talbot, Inc., v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, and Hocking may seek to diminish the damages of claimants other than Storr by proving them negligent. As to Storr his negligence will already have been decided; and if he was found at fault the jury will have to hear evidence in order to determine its degree. The jury action will also consider the liability of Horace L. Hocking, which remains to be tried on these damage claimants' complaint in their law action.

5. In the event that Storr was found at fault and if he is liable by way of remedy over to Hocking for all or part of the damages awarded to the other claimants by the jury, there must be a return to the limitation proceeding to afford Hocking his remaining relief under the impleader.

Counsel for the petitioner may present an order in conformity with this opinion after obtaining consent as to its form only from counsel for the claimants. If such consent cannot be had, petitioner's counsel may move for settlement of the order.