**NARRAGANSETT FISHING CORP., Plaintiff, Appellant,**

v.

**F/V BOB n BARRY, etc., et al., Defendants, Appellees.**

**No. 7485.**

United States Court of Appeals, First Circuit.

Heard March 4, 1970.

Decided May 1, 1970.

Francis H. Fox, Boston, Mass., with whom Robert J. Hallisey and Bingham, Dana & Gould, Boston, Mass., were on brief, for appellant.

William G. Downey, Boston, Mass., with whom Edwin R. Trafton, Boston, Mass., was on brief, for appellees.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

As a result of a collision between the F/V Sea Ranger, owned by plaintiff. Narragansett Fishing Corporation, and the F/V Bob n Barry, the former was sunk, causing the loss of lives of two of her crew and injury to a third. The plaintiff promptly libeled the Bob n Barry. Her owners, for reasons that

do not appear, unless because of doubts as to their right to limit since one of them was allegedly on board as master, filed an answer making no reference to limitation of liability, and a counterclaim. They obtained the vessel's release on bond. Some months later, claims having been made by the fisherman injured in the collision and by representatives of the deceased fishermen, the owners of the Bob n Barry filed a limitation proceeding, 46 U.S.C. § 183 *et seq.*, in the same district court, accompanied by a second bond. Plaintiff appeared as a claimant in that proceeding, and was enjoined from continuing its original action.

It is common ground that this injunction is not yet permanent, the court not having passed on Bob n Barry's right to limit. However, her owners moved to discharge the bond in the original action, contending that they should not have to maintain the premiums on two bonds, and that plaintiff is secured by the second. The court granted the motion, and plaintiff appeals.

It is of course axiomatic that even though the valid claims may be far larger than the size of the bond, if limitation is allowed plaintiff will recover only its pro rata share of the second bond. However, plaintiff asserts that if limitation is denied the injunction will be lifted, and it will be free to return to its original action, where it would have, but for the court's present order, the original bond to itself, rather than the second bond against which everyone may claim.

That everyone may claim against the second bond even though limitation is denied is established by Hartford Accident & Indemnity Co. v. Southern Pacific Co., 1927, 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612. We do not, however, read that decision as changing the prior rule, Huasteca Petroleum Co. v. Cia de Navegacao Lloyd Brasileiro, E.D.N.Y., 1924, 297 F. 318, that the plaintiff may elect to return to the original libel. See Pershing Auto Rentals, Inc. v. Gaffney, 5 Cir., 1960, 279 F.2d 546; Petition of Healing & Son, Inc., D.N.J., 1954, 124 F.Supp. 46; cf. In re Moore, E.D.Mich., 1968, 278 F.Supp. 260, 266.

A plaintiff's desire to resume its original suit may be procedural, *e. g.,* to obtain a jury trial. *See* Fecht v. Makowski, 5 Cir., 1969, 406 F.2d 721. This cannot be the case here, since plaintiff brought its libel on the admiralty side of the same court. Singularly enough, there is a paucity of decisions on the substantive issue of avoidance of a post-limitation concourse. But, as Chief Judge Brown observed, speaking for the court in Pershing Auto Rentals, Inc. v. Gaffney, *supra,* one may have to wait 100 years for definitive answers to what might seem elementary admiralty questions.

Doubtless, as the owners of the Bob n Barry say, if they had raised their right to limit in the original action, they would have had an obligatory concourse, and need not have posted two bonds. However, as the court observed in In re Moore, *supra,* 278 F.Supp. at 266, a party must take the case as it is, and not on some hypothetical of what might have been. While we make no final decision, on the basis of the discussion in some of the cited cases we are unprepared to say that an advantage could not accrue to the plaintiff as a result of the original suit. Plaintiff's rights are not to be jeopardized in order to save the owners of the Bob n Barry the cost of maintaining the bond it voluntarily gave. See 2 Benedict on Admiralty (6th ed. 1940) § 377, p. 620. The complications, present and future, of this situation, may well be thought a bucket of sea worms, but this is the Bob n Barry's problem, not that of a party who has made a valid attachment.

The order of the District Court discharging and cancelling the bond is vacated.