## THE CITY OF BOSTON.

(District Court, D. Massachusetts. February 18, 1909.)

### No. 161.

1. SHIPPING (§ 209\*)—PROCEEDINGS FOR LIMITATION OF LIABILITY FOR COLLISION—CONSOLIDATION.

   A motion denied to consolidate proceedings for limitation of liability commenced independently by the owners of each of two vessels in collision.

   [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–662; Dec. Dig. § 209.\*]

2. SHIPPING (§ 209\*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—PROOF OF CLAIMS—BRINGING IN NEW PARTIES.

   On appointment of a commissioner to take proofs on a damage claim filed in a proceeding for limitation of liability by the owner of one of two vessels in collision, after an authoritative determination by the Circuit Court of Appeals that both vessels were in fault, the owner of the other vessel, if not a party, should be brought in by notice, being liable to contribution if the claim is established and enforced.

   [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–662; Dec. Dig. § 209.\*

   Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

In Admiralty. Proceeding by the Winnisimmet Company, as owner of the ferryboat City of Boston, for limitation of liability, in which Mary L. Davenport and Vernon B. Davenport filed claims. On motion for the appointment of a commissioner to take proofs, and motion by petitioner for consolidation with other proceedings. Motion for consolidation denied, and commissioner appointed.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On motions by Mary L. and Vernon B. Davenport for the appointment of a commissioner to take proof of their claims, and on motions of Winnisimmet Company for consolidation of this case with case No. 134 (182 Fed. 179), in which the Eastern Dredging Company is petitioner. for limitation of liability, and that the Eastern Dredging Company may be made a party to the proceedings herein.

See, also, 159 Fed. 257, 261, 549; 162 Fed. 862, 89 C. C. A. 552; 182 Fed. 174.

Arthur P. Teele, for Winnisimmet Co.

William A. Davenport, for Mary L. and Vernon B. Davenport.

Blodgett, Jones & Burnham, for Eastern Dredging Co.

DODGE, District Judge. Whatever the title under which it may be docketed, this case is really that of the petition of the Winnisimmet Company for limitation of liability, the proceedings in which, under the mandate of the Court of Appeals, are to be continued and completed according to the principles laid down by that court in its opinion.

The collision out of which the case arises is now held by that court to have been due, not to the sole fault of the Eastern Dredging Company's scow, as this court held, but to the fault of the scow and the fault as well of the petitioner's ferryboat. Both those vessels have been adjudged to blame for it. This requires a different estimation and adjustment of the amounts due the damage claimants in this case, and also in the case of the petition for limitation filed by the Eastern Dredging Company.

1. Both these petitions, it is true, grow out of the same collision. The petitioner in this case is a damage claimant in the other. The total damage from the collision is now to be borne, one-half each, by the owners of the two vessels. Notwithstanding these facts, I am not clear that consolidation of the two cases should be ordered. No precedent for such consolidation of two petitions of this kind is found. I am not convinced that the advantages to be gained would outweigh the possible disadvantages. It seems to me that the rights of the parties can be secured as well by continuing the distinction between the two proceedings, and that no loss of time will necessarily be involved. The motion to consolidate is denied.

2. The claims of Mary L. and Vernon B. Davenport in this case stand now disposed of on the theory that the scow alone was to blame for the collision, and that this petitioner, as owner of the ferryboat, was not liable to them, or either of them, for any damages of which the collision alone was the cause. Under the decision of the Court of Appeals, however, they have claims for any damages suffered by either of which the collision alone was the cause, which they may prove against this petitioner in these proceedings. This proof should, of course, now be taken, and as soon as it conveniently can be taken. On the assumption that time may be saved by appointing a commissioner to take this proof, there may be an order appointing William M. Richardson, Esq., who was commissioner in the case commenced by the Eastern Dredging Company's petition, commissioner for that purpose. If he is unwilling or unable to serve, any person whom the

parties agree upon may be appointed instead. If hereafter it shall appear that time can be saved by such a course, this order need not prevent an application to the court to hear the proof of these claims directly, if made before proof before a commissioner is begun. The object of the commissioner's appointment is to give the damage claimants as early an opportunity to present their proof as possible. The commissioner will, of course, be guided by the provisions of the Court of Appeals opinion regarding the effect of the judgment of the state court in establishing Mary L. Davenport's claim.

3. Mary L. and Vernon B. Davenport have sought to prove their claims in these proceedings only, and have never appeared as damage claimants in the petition filed for limitation of liability by the Eastern Dredging Company. Under the decision of the Court of Appeals that both vessels were to blame, they would have been entitled to prove as damage claimants in those proceedings or in these, their right being to recover full damages from either vessel or its owners. The Winnisimmet Company, however, having appeared as a damage claimant under the Eastern Dredging Company's petition, set up in its proof of claim the pendency of the Davenports' claims against it, the possibility of its being held liable upon those claims, and the claim which, in such an event, it might have for reimbursement in whole or in part against the Eastern Dredging Company. Evidence in support of this contingent claim was heard and reported upon by the commissioner in the proceedings under the Eastern Dredging Company's petition.

In the proceedings now to be taken to hear proof of the Davenport claims, it seems to me that, following the analogy of admiralty rule 59, the Winnisimmet Company should be allowed, under the circumstances above referred to, to summon the Eastern Dredging Company to appear, answer, and defend against the claims of Mary L. and Vernon B. Davenport, and to make them parties to these proceedings for that purpose. That they are required thus to appear does not mean that they are deprived of any defense whatever against liability to the Winnisimmet Company for or on account of those claims which they now possess, or that they are substituted for the Winnisimmet Company as parties defendant. But if there is anything which in the present proceedings they think should be set up or urged against the Davenport claims, other or further than what may be set up or urged against them by the Winnisimmet Company itself, they should, as it seems to me, be required to see that it is now done, and should not be allowed to claim hereafter that they have never had the opportunity of doing it. Process summoning the Eastern Dredging Company as prayed for in the Winnisimmet Company's petition, filed February 8th, may accordingly issue, and the Eastern Dredging Company notified to appear at any and all hearings upon the proof of the Davenport claims.