**ROBINSON et al. v. STATES S. S. CO.**

No. 7623.

Circuit Court of Appeals, Ninth Circuit.

Feb. 3, 1936.

B. A. Green, T. Walter Gillard, Wm. P. Lord, and Arthur I. Moulton, all of Portland, Or., for appellants.

Erskine Wood, of Portland, Or., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

This appeal is brought by claimants for loss of life and personal effects from a decree limiting petitioner's liability for such claimed loss in the wreck of petitioner's steamship Nevada off Amatignak Island of the Aleutian group on September 27, 1932, on a voyage to Asiatic ports. The decree in granting limitation made findings establishing negligence in the petitioner's navigating officer, proximately causing the wreck, absence of privity, and knowledge in petitioner, and the amount of the fund for limitation. Thus it completely disposed of the issue of petitioner's right to a limitation of liability.

The proceeding for limitation of liability is sui generis. It presents two separate issues. One is whether the petitioner may take from the claimants their right to proceed at common law with its jury trial. The other is based on the right of common-law action of the claimants against petitioner expressly given by statute for these death claims. 46 U.S.C.A. § 688. A decree favorable to claimants on the first issue is final. It is strongly arguable that since it is a paramount issue, separate in character, a decree adverse to claimants is likewise final. The Supreme Court has held to the contrary that such a decree for limitation is interlocutory in character, where there is still reserved the determination of the second issue of the rights of claimants against petitioner. La Bourgogne, 210 U.S. 95, 113, 28 S.Ct. 664, 52 L.Ed. 973.

The decree below ordered a reference to determine each claimant's injury, if any, from the negligence found and, the amount of the damage of each injured party, and, if any, the claimant's share in the limitation fund. The appeal is, therefore, from an interlocutory and not a final decree.

The right of claimants to sue at common law was determined entirely adverse to them and hence this question was an appealable one under section 227, title 28 U.S.C.A.(Supp.), as follows:

"§ 227. * * * In all cases where an appeal from a final decree in admiralty to the circuit court of appeals is allowed an appeal may also be taken to said court from an interlocutory decree in admiralty determining the rights and liabilities of the parties: Provided, That the same is taken within fifteen days after the entry of the decree: And provided further, That within twenty days after such entry the appellant shall give notice of the appeal to the appellee or appellees; but the taking of such appeal shall not stay proceedings under the interlocutory decree unless otherwise ordered by the district court upon such terms as shall seem just."

Subsequently, by appropriate motion, now granted, petitioner proved that no stay of proceedings was ordered by the District Judge, that the matters referred had been decided and reported, a final decree entered awarding damages to all but one of the claimants; that all the amounts awarded had been paid to and accepted by claimants; and that no appeal had been taken therefrom. In the absence of the stay of proceedings permitted by section 227, the interlocutory decree became merged in the final decree. Smith v. Illinois Bell Tel. Co., 270 U.S. 587, 588, 46 S.Ct. 408, 70 L.Ed. 747.

Appeal dismissed.