**WALSH et al. v. PULLMAN CO. et al.**

No. Civ. 46–91.

United States District Court
S. D. New York.

Nov. 22, 1948.

Bernard R. Lieberman, New York City, for plaintiffs.

Louis J. Carruthers, New York City, for Penn. R. R.

Minor & Waterman, New York City, for Southern Pacific Co. and Pullman Co.

LEIBELL, District Judge.

There are two motions before the Court in this case. Plaintiffs move for a modification of an order of Judge Goddard, dated July 9, 1948 which deferred the taking of depositions of defendants' employees and agents until after the depositions of both plaintiffs had been taken. The order

fixed July 22nd as the date for plaintiff, James Walsh's deposition and September 15th for his wife, Theolas'. The modification sought is to permit plaintiffs to take the depositions of defendants' agents and employees prior to the taking of the depositions of plaintiff, Theola Walsh, on the ground that she is ill of influenza in California and cannot travel East for the taking of her deposition. Her husband's deposition was taken here on July 22nd.

On October 15, 1948 the defendants in this action moved the Court for a change of venue pursuant to § 1404(a) of Title 28 U.S.C.A. which provides:—"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Section 1391(c) of Title 28 U.S.C.A. provides with respect to venue in a suit against a corporation:—"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The proof submitted on the motion with respect to the defendant, Pennsylvania Railroad Company, lacked any definite or material facts on the question of whether the Pennsylvania Railroad Company was doing business in the State of California or had filed a certificate of doing business in that state. On November 1, 1948 the Court filed a memorandum stating:—"The proof presently submitted as to the defendant, Pennsylvania Railroad Company, falls short of showing that it is 'doing business' in the district to which defendants ask that the action be removed. This court will grant both sides until November 10th to submit further affidavits and briefs on this one issue."

The court further directed the attorney for the defendants to ascertain whether the question had been adjudicated in the State of California.

On November 18, 1948 the attorney for the defendants submitted an affidavit stating therein that:— "* * * in the case of Brown v. Erie Railroad Company, Pennsylvania Railroad Company, et al., instituted in the United States District Court, Northern District of California, Southern Division, the Court, on June 22, 1945, granted a motion by the defendant, Pennsylvania Railroad Company, to quash the service of summons on the ground that the Pennsylvania Railroad Company was not doing business in California."

On November 19, 1948 the attorney for the plaintiffs submitted an affidavit stating, upon information furnished by the Secretary of State of California, that the defendant, Pennsylvania Railroad Company, has not filed a certificate of doing business in the State of California.

On November 19, 1948 the attorney for the defendants advised the Court that a motion was being brought in this Court to dismiss the complaint as against the defendant, Pennsylvania Railroad Company, on the authority of Morrison v. Pennsylvania Railroad Company,[1] Civil 36–653 (S.D. N.Y. 1946). A favorable decision on this motion might materially affect the determination of the present motion for a change of venue. The attorney for the defendants requests the Court to defer decision on the motion for change of venue.

The attorney for the plaintiffs, by letter dated November 19, 1948, has objected to such deferment.

In the interest of economy of time and effort on the part of the Court and the attorneys and in view of the fact that no injustice will result to the plaintiff thereby, I have concluded to defer decision on the motion for a change of venue until the motion to dismiss as against the Pennsylvania Railroad Company is decided.

On May 26, 1948 the defendant, Southern Pacific Company, served its answer to the complaint together with notice to take the depositions of the plaintiffs, Theola Walsh and her husband, James Walsh, on June 25, 1948. The depositions were not taken on that date and on June 28, 1948 the plaintiff served notices of examination of three employees of the defendants on the defend-

---

1. No opinion for publication.

ants' attorney set for July 14, 15 and 16 of 1948. On July 9, 1948, in the disposition of a motion by the plaintiffs to vacate the defendants' notices and a motion by the defendants for judgment by default for plaintiffs' failure to appear on the examination, Judge Goddard ordered that the plaintiff, James A. Walsh, appear for examination on July 22, 1948 and the plaintiff, Theola Walsh, appear on September 15, 1948. He further directed that the taking of the depositions of the employees of the defendants be deferred until the taking of the depositions of both plaintiffs had been completed. The order provided:—"That the taking of the depositions of the agents, servants, employees, or officers, of the defendants * * * pursuant to three notices dated June 25, 1948, served by the plaintiffs, be deferred until the taking of the depositions of both plaintiffs."

James Walsh appeared for examination on July 22, 1948 pursuant to the above order but Theola Walsh failed to appear on September 15, 1948 pursuant thereto.

On October 15, 1948 the plaintiff moved to modify Judge Goddard's order so as to permit the examination of the plaintiff, Theola Walsh, to be deferred until February 1949 and to permit the plaintiffs to examine the employees of the defendants before the date set for the defendants' examination of Theola Walsh in February 1949.

On October 15th when these motions were argued before me, plaintiffs' attorney submitted a doctor's certificate which he quotes in his affidavit of October 28, 1948 as follows:—

"Richard T. Beem, M.D.
3864 Watseka Avenue
Culver City, Calif.
                            September 27, 1948.
"To Whom It May Concern:
    Mrs. James Walsh has been under my care for some time. She has recently suffered a severe attack of influenza, which

was rather protracted. As a result, her rehabilitation and recovery will necessitate six weeks to two months of rest. Her physical condition is in no way compatable with travel at this time.
                Sincerely,
                    Richard T. Beem, M.D."

Judge Goddard's order had directed that Theola Walsh appear for examination by the defendants on September 15, 1948. She did not appear because of her ill health according to her husband's affidavit. Her attorney states in an affidavit of September 27, 1948 that "it is uncertain at this time when Mrs. Walsh will be available to appear."

The Clerk of the California court has advised plaintiffs' attorney that the time a case might be reached would be two to ten months according to the judge assigned. Defendants' attorney states that the case could be reached for trial in California from two to six months. Plaintiffs' attorney alleges that in this Court the case could be reached in approximately seven months, by May 1949.

It also appears that the facts within the knowledge of Theola Walsh are the same as the facts within the knowledge of James Walsh whose deposition was taken July 22, 1948.

I believe the above circumstances warrant the exercise of the Court's discretion in favor of allowing the taking of the deposition of Theola Walsh to be deferred until February 9, 1949. In the meantime the taking of the depositions of the three employees of the defendants should proceed. They will be produced for examination at Los Angeles on some day in the week of December 12, 1948 that will be convenient to plaintiffs' attorney or counsel. The plaintiffs' motion to modify the order of Judge Goddard, dated July 9, 1948, is granted to the extent above indicated.