**DEPARTMENT OF HIGHWAYS OF STATE OF LOUISIANA v. JAHNCKE SERVICE, Inc. et al.**

**No. 12686.**

United States Court of Appeals
Fifth Circuit.

May 30, 1949.

Rehearing Denied June 9, 1949.

Joseph A. Loret, Theo. F. Cangelosi, Baton Rouge, La., for appellant.

Eberhard P. Deutsch, New Orleans, La., for appellees.

Before HUTCHESON, SIBLEY, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a respondent in a limitation of liability proceeding, sought under Admiralty Rule 56, 28 U.S.C.A., to implead a third person alleged to be jointly liable with petitioner.

Appellee's exception and motion to strike the third party petition, on the ground that "a third party may not be impleaded by a claimant in a proceeding in admiralty for exoneration from, or limitation of, liability", was sustained, and respondent has appealed.

Urging that the language of Rule 56 "in any suit whether in rem or in personam" embraces every kind of suit or proceeding known to admiralty, appellant insists that the order was wrongly entered and must be reversed.

Appellee denies that a limitation of liability proceeding under Admiralty Rule 51 must be within the language or purpose of Rule 56, either a suit in rem or one in personam. It insists that, a special statutory proceeding, The Eastland, 7 Cir., 78 F.2d 984, it is sui-generis, Robinson v. States S. S. Co. (The Nevada), 9 Cir., 81 F.2d 744. "The administration of equity in an admiralty court", Hartford . Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, at page 216, 47 S.Ct. 357, 359, 71 L.Ed. 612, and concerned with a statutory limit upon the remedy, In re Great Lakes Transit Corp. (The Glenbogie), D.C., 53 F. 2d 1022, it is a special and limited proceeding, Benedict on Admiralty, Sixth Ed., Vol. 3, Sections 479 et seq.

To appellant's earnest argument that a suit in admiralty must of necessity be either in personam or in rem, and that a limitation proceeding is certainly a suit, appellee in reply cites Benedict on Admiralty, Vol. 2, Sec. 226:

"Suits and proceedings in admiralty are divided into five great classes: suits and proceedings in rem, and suits and proceedings in personam, criminal causes, limitation proceedings, and prize cases. Suits in rem and in personam have developed from historical sources, and have not been created by statutes or rules. Various General Admiralty Rules, and numerous local District Admiralty Rules regulate various aspects of these two classes of suits. The criminal jurisdiction is also historical. Limitation proceedings are wholly the creation of statutes and rules, both general and local, and are separately dealt with in Secs. 474–544."

\* \* \* \* \* \*

"Limitation proceedings are intended to bring all the claims of a single voyage or disaster into a concourse, and to limit the personal liability of the petitioner to the value of his vessel and freight, or to other fixed and determinable sums."

No appellate court decisions dealing with the precise point presented here, whether a claimant in a limitation proceeding may file a third party complaint under Rule 56, have been cited to us. We have found none. Of district court cases, appellee cites and relies on three: Poling Bros., 1937 A.M.C. 1513; Petition of the Texas Company, D. C., 81 F.Supp. 758, 1948 A.M.C. 1933; The Clio, 1948 A.M.C. 75. Appellant cites The City of Boston, D.C., 182 F. 171.

We think it clear that the facts in The City of Boston are quite different from those here, and that that case does not support the third party petition filed here. We think it equally clear that the cases cited by appellee do support its view.

Further, a consideration of the origin, nature and purpose of a limitation of liability proceeding[1] and of the origin, nature and extension of the third party practice under original Admiralty Rule 59, now Rule 56,[2] leaves us in no doubt of the correctness of appellee's contention.

The district judge was right in sustaining the motion to strike. The order appealed from is

Affirmed.

---

[1] As that proceeding is discussed and dealt with in Benedict on Admiralty, 6th Ed., Vol. 3, Chapt. 49, and particularly Sec. 479, et seq.

[2] As that proceeding is dealt with in Benedict on Admiralty, 6th Ed., Vol. 2, Sec. 349, et seq.