Petition of **NEW JERSEY BARGING CORPORATION** (Del.) a corporation, for exoneration from or limitation of liability as owner of the Barge **PERTH AMBOY NO. 1**

and

New Jersey Barging Corporation (Del.) a corporation, Petitioner,

v.

**T. A. D. JONES AND COMPANY, INCORPORATED, Respondent-Impleaded.**

Ad. Action No. 183–398.

United States District Court
S. D. New York.

Sept. 6, 1955.

Gay & Behrens, New York City, for petitioner.

Galli & Locker, New York City, for T. A. D. Jones and Co., Inc., Appearing Specially.

Fennelly, Eagan, Nager & Lage, Dow & Symmers, New York City, Proctors for claimants-respondents.

LUMBARD, Circuit Judge.

This is a proceeding in admiralty brought by petitioner, New Jersey Barging Corp., a Delaware corporation, for exoneration from or limitation of liability with respect to an incident which occurred on September 27, 1954 at New Haven, Connecticut. On that day petitioner's barge, the Perth Amboy No. 1, under charter to the James McWilliams Blue Line, Inc., was loading a cargo of oil at the docks owned by respondent T. A. D. Jones and Company, Inc. The barge was loaded beyond capacity and as a ·result a large quantity of oil was spilled into the New Haven harbor. This oil caused extensive damage to numerous ships and shore facilities and property. Petitioner brought this action on December 7, 1954 basing jurisdiction on the fact that the Perth Amboy No. 1 was at that time located in the waters of this judicial district. Numerous claims were filed, totalling over $600,000.

T. A. D. Jones and Company filed a claim by mail but has not answered the petition seeking exoneration or limitation although the time for answering has expired. T. A. D. Jones and Company is a Connecticut corporation which does not do business in New York.

Petitioner now seeks to implead T. A. D. Jones and Company alleging that the above described accident was caused exclusively by the fault of said company's employees and praying that T. A. D. Jones and Company be cited to appear, that it be made a defendant in the action,

that all claimants be required to answer, and that the claimants be granted recovery directly against T. A. D. Jones and Company or in the alternative that the petitioner be granted recovery against T. A. D. Jones and Company in an amount sufficient to indemnify it for all claims allowed against it, together with all costs of the action. This motion to implead is opposed by T. A. D. Jones and Company and by certain of the claimants. There is also a motion before the court by some of the claimants requesting that this action be transferred to the District of Connecticut.

I am of the opinion that petitioner's motion to implead T. A. D. Jones and Company must be denied. By its impleading petition the New Jersey Barging Corp. seeks to convert this action from a proceeding to limit its own liability under 46 U.S.C.A. § 185 to a proceeding by the claimants against T. A. D. Jones in which it becomes little more than an interested onlooker. It would be odd, indeed, if a shipowner could, by the device of a limitation of liability proceeding, initiate on the behalf of claimants it does not represent an action against a corporation in a jurisdiction where it could not otherwise be sued. Nor can I find any basis for permitting petitioner to recover in this proceeding whatever claims it may have against T. A. D. Jones.

> Rule 56 of the Admiralty Rules, 28 U.S.C.A. provides: "In any suit, whether *in rem* or *in personam*, the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable either to the libelant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter."

■ It has been held that a limitation of liability proceeding is a special statutory proceeding and is not a "suit" within the meaning of the above quoted language. Department of Highways of State of Louisiana v. Jahncke, 5 Cir., 1949, 174 F.2d 894. In that case a claimant in a limitation of liability proceeding sought without success to implead a third party. The decision in the Jahncke case is consonant with the nature and purpose of a limitation of liability proceeding. It is a special proceeding created by statute for a special purpose. It is intended to enable a shipowner to assert his statutory right to limitation of liability in a single proceeding against all claimants. It is a defensive action. Judge Learned Hand pointed this out in Algoma Central & Hudson Bay Ry. Co. v. Great Lakes Transit Corp., 2 Cir., 1936, 86 F.2d 708, 710, where he observed: "At no time can the owner recover a dollar by means of it from anybody." Thus a petitioner may not seek affirmative recovery by filing a cross-libel against a damage-claimant. The Steel Inventor, D.C.S.D.N.Y., 1925 A.M.C. 226; see 2 Benedict on Admiralty 455 (6th Ed. 1940). It has also been held that a petitioner in a limitation of liability proceeding cannot implead a third party, as petitioner seeks to do here. Petition of Texas Co., D.C.S.D.N.Y.1948, 81 F.Supp. 758; Poling Bros. No. 5—Tom Wogan, D.C.E.D.N.Y., 1937 A.M.C. 1513; but cf., The Clio—The Springhill, D.C.S.D. N.Y., 1948 A.M.C. 75; The City of Boston, D.C.D.Mass.1909, 182 F. 171. In the Texas Co. case the situation was very similar to the situation here in that the individual sought to be impleaded was himself a damage-claimant. The decision in the Poling Bros. case was based on the reasoning that allowance of impleading would broaden the issues beyond those appropriate to the limitation proceeding.

■ In a limitation proceeding the petitioner has a considerable degree of initiative where his vessel has not been libelled and he has not been sued, for he then has the right, under Admiralty Rule 54, to bring the action wherever his ship may be. Thus, although he is in fact in a defensive position he may deprive the claimants of the right they would ordinarily have to choose their forum. To hold that after having summoned the

**100**

claimants to a forum of his choosing he may then assert against them his own affirmative claims would go far beyond what the statute permits. Petitioner's motion to implead T. A. D. Jones and Company must therefore be denied.

■ Nor is it appropriate to require all of the claimants in this proceeding to file answers. Admiralty Rule 53 requires only that "any person claiming damages * * * who * * * intends to contest the right to exoneration or limitation, shall file an answer to such petition * * *." A claimant need not file an answer and contest petitioner's request for exoneration or limitation unless he chooses to do so. Of course all claimants will be bound by an adjudication of limitation or exoneration whether they file answers or not, and any such adjudication will be *res judicata* in a subsequent action involving the same issues. If petitioner desires to have an adjudication on the question of T. A. D. Jones and Company's fault, he may raise this issue by objecting to its claim when it is sought to be proved. Of course if petitioner is exonerated, there will be no proof of claims and he will have no occasion to raise these issues in this proceeding, nor is it appropriate that such issues should be raised in a limitation of liability proceeding in which exoneration is granted. Petitioner's motion must therefore be in all respects denied.

We now proceed to the motion to transfer these proceedings to the District Court for the District of Connecticut. The proponents of this motion base it on two grounds; 28 U.S.C.A. § 1404(a) and Admiralty Rule 54.

28 U.S.C.A. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ These latter words "where it might have been brought" are, it seems to me, dispositive of the issue before us. Since petitioner had not been sued and

his vessel had not been libelled when he brought this action, the only proper venue under Admiralty Rule 54 was "in the District Court of the district in which the said vessel may be * * *." Since the vessel was in this district the proceeding could not have been brought elsewhere; therefore according to the clear language of § 1404(a) it cannot be transferred elsewhere now under that provision. In similar cases where the Court's jurisdiction was based upon seizure of a *res* within the district, transfer to another district was found improper. Clinton Foods v. United States, 4 Cir., 1951, 188 F.2d 289; Fettig Canning Co. v. Steckler, 7 Cir., 1951, 188 F.2d 715, certiorari denied 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1373. And in this Circuit it has been held that transfer of an action to another district was improper where the action could not have been initiated in that district. Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949.

■ The next question is whether the motion for transfer can be granted under Admiralty Rule 54 itself, which provides as follows:

"The said petition shall be filed and the said proceedings had in any District Court of the United States in which said vessel has been libeled to answer for any claim in respect to which the petitioner seeks to limit liability; or, if the said vessel has not been libeled, then in the District Court for any district in which the owner has been sued in respect to any such claim. When the said vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner, the said proceedings may be had in the District Court of the district in which the said vessel may be, but if said vessel is not within any district and no suit has been commenced in any district, then the petition may be filed in any District Court. *The District Court may, in its discretion, transfer the proceedings to any district for the conven-*

*ience of the parties."* (Emphasis supplied.)

No case has been cited to me which applies or interprets in any way this provision for transfer. The sentence emphasized in the above quotation was added to this rule by amendment in 1948. It is perhaps significant that the 1948 amendment also added the language providing that where no suit has been filed and the vessel is not present in any district, the petition may be filed in any district court. This concurrence suggests that the sentence providing for transfer was intended to apply only to those cases where the petitioner has the option of commencing his action in any district court. Obviously, it is in this situation that there is the greatest need for a discretion in the district judge to modify the petitioner's choice of forum. I have been unable to conclude, however, that the transfer provision is so limited. Although the structure of the Rule does not conclusively bar that interpretation, it seems to me that the setting off of the transfer provision as a separate sentence and the omission of qualifying words which could easily have been provided argue for a broader application. In determining what considerations are relevant in applying the provision, however, the concurrent broadening of the petitioner's choice of forum is relevant. The considerations here are somewhat different from those used in applying 28 U.S.C.A. § 1404(a). This conclusion is fortified by the difference in wording between the two provisions. Whereas § 1404(a) provides for transfer "for the convenience of parties and witnesses, in the interest of justice," Rule 54 speaks only of "the convenience of the parties." The language and history of the provision indicate that its purpose is to permit the district judge to place a discretionary check on the petitioner's wide choice of forum in order to protect the other parties. Although this discretionary power is most appropriately exercised where petitioner has the widest choice of forum, that is, where he can bring his proceeding in any district, it may find some application where his choice is less broad if the forum he chooses is clearly inconvenient for most of the parties and a substantially more convenient forum is available. Since Rule 54 contains no language equivalent to the "where it might have been brought" requirement of 28 U.S.C.A. § 1404(a), it is irrelevant that the petition could not originally have been filed in the district to which transfer is proposed.

In this case there are over 140 claimants nearly all of whom reside in or near New Haven, Conn. Since the damage occurred at New Haven and most of the damaged property is located there, it would be substantially more convenient to the parties to determine the question of damages in the District of Connecticut. If the petitioner is exonerated, however, the question of damages will never be reached. The balance of convenience is not so strongly in favor of the Connecticut forum on the questions of exoneration and limitation. Few if any of the claimants will be called upon to testify on these questions and many of the witnesses who can give relevant evidence reside in the New York area. Under these circumstances I am of the opinion that there has not been a sufficient showing of inconvenience to justify depriving petitioner of his choice of forum at this time. The motion to transfer is therefore denied, without prejudice to renewal of the motion after the questions of limitation and exoneration have been decided. There is some support for thus deferring decision on a motion to transfer in the case of Walsh v. Pullman Co., D.C.S.D.N.Y.1948, 10 F.R. D. 77 which arose under 28 U.S.C.A. § 1404(a).

Motion to implead denied.

Motion to transfer denied without prejudice.