Matter of the Petition of The **BAKER-WHITELEY TOWING CO.**, as owner of **THE HOLLAND**, for exoneration from or limitation of liability.

No. 3851.

United States District Court
D. Maryland.
Nov. 2, 1956.

Skeen, Wilson & Coughlin, Baltimore, Md., John H. Skeen, Jr., Baltimore, Md., and Hagen & Eidenbach, New York City, Henry C. Eidenbach, New York City, for petitioner.

Ober, Williams, Grimes & Stinson, Baltimore, Md., Randall C. Coleman, Jr., Baltimore, Md., and Vandeventer, Black & Meredith, Norfolk, Va., Hugh S. Meredith, Norfolk, Va., for owners of The Nyland.

Walter E. Black, Jr., U. S. Atty., Baltimore, Md., Thomas F. McGovern, Atty. Admiralty Division, Department of Justice, Washington, D. C., for the United States.

THOMSEN, Chief Judge.

Angfartygs A/B Tirfing, as owner of the Swedish M/S Nyland, has moved to dismiss this limitation proceeding or to transfer it to the Eastern District of Virginia under Admiralty Rule 54, 28 U.S.C.A. The petition was filed by The Baker-Whiteley Towing Co., as owner of the tug Holland, for exoneration from or limitation of liability for any loss, damage, injury, or claim, arising out of a collision which occurred on March 17, 1956, between the M/S Nyland and the S.S. E. Kirby Smith, which the tug Holland had been towing from the James River laid-up fleet anchorage bound for the port of Baltimore, and had anchored in Hampton Roads because of gale winds and heavy seas.

As a result of the collision, the owner of the Nyland filed in the Eastern District of Virginia a libel for damages in the sum of $150,000 against the United States, as owner of the S.S. E. Kirby Smith, The Baker-Whiteley Co., and the tug Holland. The United States filed a libel in that court against the M/S Nyland, and filed a libel in this court against the tug Holland, in rem, and against The Baker-Whiteley Towing Co., in personam, claiming damage in the total sum of $368,624.99. The claim filed by the United States brought the total claims filed against the tug Holland to more than its appraised value of $365,750, plus pending freight of $2,883.34, and its owner filed this limitation proceeding on June 29, 1956. It is anticipated that claims for personal injuries will be asserted by members of the riding crew of the S.S. E. Kirby Smith, two of whom at least are residents of Baltimore.

Admiralty Rule 54 provides:

"The said petition shall be filed and the said proceedings had in any District Court of the United States in which said vessel has been libeled to answer for any claim in respect to which the petitioner seeks to limit liability; or, if the said vessel has not been libeled, then in the District Court for any district in which the owner has been sued in respect to any such claim. When the said vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner, the said proceedings may be had in the District Court of the district in which the said vessel may be, but if said vessel is not within any district and no suit has been commenced in any district, then the petition may be filed in any District Court. The District Court may, in its discretion, transfer the proceedings to any district for the convenience of the parties. If the vessel shall have already been sold, the proceeds shall represent the same for the purposes of these rules."

1. Since this court is one of the two district courts in which the tug Holland has been libeled, this court has jurisdiction over the limitation proceeding. The fact that the first libel was filed in the Eastern District of Virginia does not preclude such jurisdiction. Admiralty Rule 54; The Katahdin, D.C.S.D.N.Y., 293 F. 824, 825 (Learned Hand, D. J.). The motion to dismiss is denied.

2. The provisions of Admiralty Rule 54 with respect to the transfer of

limitation proceedings are different from the provisions of 28 U.S.C.A. § 1404(a). Rule 54 provides: "The District Court may, in its discretion, transfer the proceedings to any district for the convenience of the parties." The considerations which are relevant in applying that provision were discussed at length by Circuit Judge Lumbard, sitting in the Southern District of New York in New Jersey Barging Corp. v. T. A. D. Jones & Co., Inc., D.C., 135 F.Supp. 97. They need not be repeated here. In that case most of the claimants resided in or near New Haven, and the Judge found that it would be substantially more convenient to the parties to determine the damages in the District of Connecticut. But Judge Lumbard continued:

"* * * If the petitioner is exonerated, however, the question of damages will never be reached. The balance of convenience is not so strongly in favor of the Connecticut forum on the questions of exoneration and limitation. Few if any of the claimants will be called upon to testify on these questions and many of the witnesses who can give relevant evidence reside in the New York area. Under these circumstances I am of the opinion that there has not been a sufficient showing of inconvenience to justify depriving petitioner of his choice of forum at this time. The motion to transfer is therefore denied, without prejudice to renewal of the motion after the questions of limitation and exoneration have been decided." 135 F.Supp. at page 101.

In the instant case the Swedish owner of the M/S Nyland urges transfer primarily because three pilots and other vital witnesses on the issue of liability live in the Eastern District of Virginia. Petitioner, The Baker-Whiteley Company, resists transfer because most of its witnesses on the issues of exoneration and limitation, its officers, its surveyor, and the crew of the Holland, live in or near Baltimore. The United States, a claimant for a large amount, urges that the proceedings continue in the District of Maryland, because it believes a hearing on the merits can be had in this district sooner than in the Eastern District of Virginia, and it is holding certain naval personnel on the east coast pending the hearing, and would have difficulty reassembling them if their enlistments expire or the good of the service requires their transfer to other duties.

After the argument on this motion, counsel for all parties met with Judge Hoffman, of the Eastern District of Virginia, and he advised them that the earliest available date for this case is August 1, 1957. The case can be heard in this court in February, 1957, and will be assigned a date at the call of the docket this afternoon.

Under these circumstances I do not feel that I should transfer the case at this time. The motion to transfer, therefore, is denied, without prejudice to renewal of the motion after the questions of limitation and exoneration have been decided.