**620**

Petition of SANDRA & DENNIS FISH-
ING CORPORATION as Owner of the
F/V BARBARA & GAIL, for Exonera-
tion from or Limitation of Liability.

No. 62–27.

United States District Court
D. Massachusetts.

March 20, 1964.

See also 209 F.Supp. 835.

Robert J. Hallisey, Boston, Mass., for petitioner.

Katz & Kaplan, George J. Dodd, and Harry Kisloff, Boston, Mass., Sheldon Friedland, Jack London, and Thomas & Thomas, New Bedford, Mass., for claimants.

Arthur J. Santry, Carl H. Amon, Jr., and Blair Perry, Boston, Mass., for interpleaded respondents.

CAFFREY, District Judge.

This matter came before the Court upon the exceptions of Radio Corporation of America (RCA) and Sperry Rand Corporation (Sperry) to the petition of Sandra & Dennis Fishing Corporation (Sandra & Dennis) impleading them in the above-captioned petition for exoneration from or limitation of liability. The exceptions of the impleaded respondents are based on the ground that this Court lacks jurisdiction to grant the relief prayed for as against them because neither admiralty practice generally nor Rule 56 of the Admiralty Rules gives this Court jurisdiction to order that they be impleaded herein. The facts which underlie the filing of these exceptions are as follows:

The petitioner, Sandra & Dennis, is the sole owner of the Oil Screw Fishing Vessel BARBARA & GAIL. On December 18, 1961, while the United States Coast Guard vessel 95321 was engaged in rescue, towage and salvage operations of the BARBARA & GAIL, the fishing vessel sank, with loss of the lives of five members of her crew. The survivors and the personal representatives of the decedents have filed claims in excess of one million dollars against both Sandra & Dennis and the United States. Sandra & Dennis filed a petition for limitation in this Court. The United States filed a petition for limitation in the United States District Court for the District of New Hampshire which was transferred to this Court and consolidated for trial with the petition previously filed here by Sandra & Dennis.

In addition to the petitions impleading RCA and Sperry, Sandra & Dennis also filed petitions impleading Wilfred O. White & Son, Inc., which allegedly supplied the fathometer to the Coast Guard vessel, and Raytheon Manufacturing Company, which allegedly supplied a radio direction finder to the Coast Guard vessel. It is alleged that Sperry supplied a gyrocompass and gyro repeater and that RCA supplied a Loran and a radar to the Coast Guard vessel. The theory of the interpleading petitions is that the various pieces of navigational equipment supplied to the Coast Guard vessel were

defective and contributed to the loss of the F/V BARBARA & GAIL.

Admiralty Rule 56 provides:

"In any suit, whether in rem or in personam, the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter."

In support of the exceptions, respondents argue that a petition for limitation is a defensive proceeding in which petitioner can get no affirmative relief. They argue that neither a petitioner nor intervening claimants may cross-libel a claimant or implead third parties in a limitation proceeding. They point out that the only deviation from the above-quoted Rule is the case of British Transport Commission v. United States, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234 (1957), in which impleader was allowed in a limitation proceeding, but only as to parties who were in the case as claimants and who were already before the Court in that capacity.

Respondents' position is that the outside reach of the British Transport doctrine is to establish that while a District Court does have jurisdiction to order that a party *already* in a limitation proceeding in one capacity be brought into it in a second capacity, a District Court does not have jurisdiction in a limitation proceeding to implead as a respondent a party which up to that point had not voluntarily placed itself before the Court as a claimant in the limitation proceeding.

Impleading petitioner in the instant case seeks to extend the rule of the British Transport case one step beyond the rule actually announced therein by the Supreme Court. Petitioner urges as the grounds for so doing that the respondents sought to be impleaded are parties who ultimately may be found liable and that the claims asserted in the implead-

ing petitions do arise out of the same tragedy which gave rise to the petitions for limitation.

In the British Transport case, the Court observed:

"Admiralty practice which has served as the origin of much of our modern federal procedure, should not be tied to the mast of legal technicalities it has been the forerunner in eliminating from other federal practices." (354 U.S. p. 139, 77 S.Ct. p. 1108, 1 L.Ed.2d 1234)

"Logic and efficient judicial administration require that recovery against all parties at fault is as necessary to the claimants as is the fund which limited the liability of the initial petitioner." (354 U.S. p. 138, 77 S.Ct. p. 1107, 1 L.Ed.2d 1234)

"The question is not what 'tag' we put on the proceeding, or whether it is a 'suit' under Rule 56 or a libel in personam, or whether the pleading is of an offensive or defensive nature, but rather whether the Court has jurisdiction of the subject matter and of the parties. It is sufficient to say * * * 'that all the ease with which rights can be adjusted in equity is intended to be given to the [limitation] proceeding. It is the administration of equity in an admiralty court * * * It looks to a complete and just disposition of a many cornered controversy * * *.'" (354 U.S. p. 137, 77 S.Ct. p. 1107, 1 L.Ed.2d 1234)

And, finally, the Court observed:

"[W]e hold it a necessary concomitant of jurisdiction in a factual situation such as this one that the Court have power to *adjudicate all of the demands made and arising out of the same disaster.*" (354 U.S. p. 138, 77 S.Ct. p. 1108, 1 L.Ed.2d 1234)

In the light of the foregoing it appears that while the facts of the instant case are not precisely on all fours with those which gave rise to the British Transport decision, nevertheless, the reasoning of

the Supreme Court in the above-quoted portions of the opinion in that case indicates that Rule 56 should be construed to allow the instant petitions for interpleading respondents RCA and Sperry. I do not read United States v. Isthmian SS Company, 359 U.S. 314, 79 S.Ct. 857, 3 L.Ed.2d 845 (1958), as indicating that a contrary result should be reached herein. In that case the Court approved the ruling of the lower courts that a claim of setoff *which did not arise out of the same transaction* was not cognizable in admiralty. In rejecting the claim arising out of an unrelated transaction the Court, in Isthmian, distinguished the British Transport case, saying "In British Transport Commission v. United States, 354 U.S. 129 [77 S.Ct. 1103, 1 L.Ed.2d 1234], the rights of the various parties arose *from the same collision.*" (359 U.S. p. 320, note 5, 79 S.Ct. p. 861, 3 L.Ed.2d 845) (emphasis added.) Cf. 66 Yale Law Journal, 121, 130.

Exceptions overruled.