Petition of Howard **KLARMAN**, 14 Harbor Road, Westport, Connecticut, owner of the SLOOP FLING, her engines, etc., for exoneration from or limitation of liability, civil and maritime.

Admiralty No. 4788.

United States District Court
D. Connecticut.

July 17, 1967.

Frederick L. Comley, of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for petitioner.

Robert L. Julianelle, Bridgeport, Conn. (Leonard A. Schine, on the brief), Bridgeport, Conn., for claimant Rose Santini.

David B. Beizer, Asst. Atty. Gen. of Connecticut (Harold M. Mulvey, Atty. Gen., on the brief), Hartford, Conn., for claimant State of Connecticut.

TIMBERS, Chief Judge.

### QUESTION PRESENTED

In this proceeding in admiralty brought by the owner of a sailing vessel, pursuant to 46 U.S.C. §§ 181–195, for exoneration from or limitation of liability with respect to a fatal accident involving petitioner's sloop, the essential question presented by petitioner's motion to implead, pursuant to Rule 14 (c), Fed.R.Civ.P., is whether impleader is available to a petitioner in a limitation of liability proceeding.

The Court holds that a limitation of liability petitioner is entitled to the benefits of federal third-party practice; accordingly, petitioner's motion to implead is granted.

### FACTS

The material facts necessary to a determination of the instant motion are not in dispute.

On or about July 26, 1964, petitioner's sloop ran aground in the course of a sail out of the Saugatuck Yacht Club of Westport, Connecticut. A Westport police boat containing two police officers, Frederick Kellogg, Jr. and Aldo Santini, came to the assistance of the grounded

vessel; during the ensuing attempts by the police boat to free the sloop, a winch on the stern of the sloop struck and fatally injured Santini.

On January 25, 1965, the sloop's owner, Howard Klarman of Westport, filed a petition for exoneration from or limitation of liability, within the admiralty and maritime jurisdiction of the Court, denying any negligence which could be imputed to him in connection with the accident.

On March 11, 1965, Rose Santini of Westport, as administratrix of the estate of the decedent Aldo Santini, filed her answer to the petition, alleging negligence on the part of petitioner as the cause of decedent's injury and death, and praying for full recovery against petitioner without limitation of liability.

On May 19, 1965, the State of Connecticut filed its answer to the petition, adopting claimant Santini's allegations of negligence on the part of petitioner and seeking reimbursement out of any damages awarded for sums which the State had become obligated to pay under the terms of Connecticut's Workmen's Compensation Act.

On May 16, 1966, the deposition of Officer Kellogg was taken by petitioner, and was filed on that same date.

On February 3, 1967, petitioner filed the instant motion to implead Officer Kellogg, as the person truly at fault in the accident, together with the Town of Westport, the policeman's employer. The motion was fully heard on March 20, 1967.

### CLAIMS OF THE PARTIES

Petitioner contends that the Court has the authority to grant a motion to implead made by a petitioner in a limitation of liability proceeding.

On the other hand, it is claimants' contention that impleader by a limitation petitioner is not sanctioned by either the former admiralty practice or its modern counterpart in federal civil procedure; moreover, it is claimed that even if such third-party practice could be permitted under circumstances not present in this case, allowing petitioner to implead in this proceeding would improperly alter the parties' substantive rights under assertedly controlling state law in the guise of a procedural ruling.

### PETITIONER'S RIGHT TO IMPLEAD

■ The instant motion is brought pursuant to Rule 14(c), Fed.R.Civ.P. Rule 14(c) was created by amendment in 1966 with the intention of retaining, in any case which is a counterpart to a suit in admiralty, the former admiralty practice under Admiralty Rule 56 of permitting impleader not only of a person liable to a defending party, but also of one who might be primarily and directly liable to the party in the position of a plaintiff.[1] The question dispositive of petitioner's motion, therefore, is whether a petitioner in a limitation of liability proceeding was entitled to take advantage of the liberal third-party practice embodied in the terms of Admiralty Rule 56.

■ The statutory limitation of liability proceeding on occasion was considered to be such a uniquely narrow and passively defensive proceeding that allowance of impleader by a petitioner was denied in order to limit the issues and to preserve the special restricted character of the action.[2] But such an excessively restrictive interpretation of the procedural consequences of filing a petition for exoneration from or limitation of liability has been squarely rejected by the United States Supreme Court, that Court having insisted that the mere

1. See Notes of Advisory Committee on Rules, Rule 14, Fed.R.Civ.P., in 28 U.S. C.A., Federal Rules of Civil Procedure, Rules 12 to 16 (Cum.Supp.1966); see also 3 Moore's Federal Practice ¶ 14.20 (Cum.Supp.1966).

2. See New Jersey Barging Corp. v. T.A.D. Jones & Company, 135 F.Supp. 97, 98–100 (S.D.N.Y.1955); see also Department of Highways of State of Louisiana v. Jahncke Service, 174 F.2d 894, 895 (5 Cir. 1949).

labeling of an action as a limitation proceeding could not be permitted to bar recourse to the ordinary admiralty rules of procedure.[3] And in recent years the right of parties to a limitation proceeding to avail themselves of the normal third-party practice and procedure has become firmly established.[4] The right to implead under Admiralty Rule 56 was expressly recognized without regard to narrow and technical characterizations of the nature of limitation proceedings or the pleadings thereunder,[5] and has been extended to petitioners under circumstances bearing a striking resemblance to those presented by the instant controversy.[6]

Petitioner therefore would have been entitled to a favorable disposition of his motion to implead under the settled interpretation of Admiralty Rule 56. This Court does not consider it appropriate to construe Rule 14(c), Fed.R. Civ.P., in a manner which would conflict with the binding interpretation given its predecessor, former Admiralty Rule 56.[7] For that reason, the instant motion to implead must be granted.[8]

## CONCLUSION

Petitioner's motion to implead the Town of Westport and Frederick Kellogg, Jr., pursuant to Rule 14(c), Fed. R.Civ.P., is granted.

3. See British Transport Commission v. United States, 354 U.S. 129, 132–139 (1957); see also Moore-McCormack Lines v. McMahon, 235 F.2d 142, 143 (2 Cir. 1956).

4. See, e. g., In the Matter of the Petition of Alva Steamship Co., Civil No. 66 Ad. 622, S.D.N.Y., April 21, 1967; Petition of Sandra & Dennis Fishing Corporation, 227 F.Supp. 620, 621–622 (D.Mass.1964); see also Val Marine Corporation v. Costas, 256 F.2d 911, 915 (2 Cir. 1958); 3 Moore's Federal Practice ¶ 14.20 (2d ed. 1966); cf. Guillot v. Cenac Towing Company, 366 F.2d 898, 910 (5 Cir. 1966).

5. See British Transport Commission v. United States, supra note 3, at 137–138.

6. See, e. g., Petition of Sandra & Dennis Fishing Corporation, supra note 4.

7. Cf. In the Matter of the Petition of Alva Steamship Co., supra note 4.

8. Accepting for the purposes of the instant motion claimants' contention that their claims, asserted within the admiralty jurisdiction of the Court, are founded upon causes of action arising out of the law of the State of Connecticut, so that the issues raised thereby must be deter-

mined in accordance with the substantive law of that State, see Hess v. United States, 361 U.S. 314, 318–319 (1960); The Tungus v. Skovgaard, 358 U.S. 588, 592–594 (1959), it is clear that granting petitioner's motion does not in itself alter the parties' substantive rights under State law. For example, impleader by petitioner of parties who may *alone* be liable to claimants does not serve to abrogate the Connecticut rule that *joint* tortfeasors have no right to contribution. See Rose v. Heisler, 118 Conn. 632, 633, 174 A. 66 (1934); Caviote v. Shea, 116 Conn. 569, 575, 165 A. 788, 790 (1933); Wise v. Berger, 103 Conn. 29, 32, 130 A. 76, 77 (1925). A determination by this Court of the applicability of the "no contribution" rule to the circumstances involved in the instant case must await further exposition of the pertinent facts and legal issues by the parties concerned, either at the trial or by appropriate motion; the same is true with respect to the possible merits of the defense, mentioned in the claimant State of Connecticut's brief, of civil defense immunity as to the prospective third-party defendants (see Conn.Gen.Stat., § 28–13 (1958)). On the present record, at least, denial of petitioner's motion would be unjustified.