In the Matter of FENWICK ISLAND, INC., as owner of the F/V FENWICK ISLAND, in a Cause of Exoneration from or Limitation of Liability.

Civ. A. No. 1380-A.

United States District Court, E. D. North Carolina, Wilmington Division.

Feb. 11, 1971.

Rountree & Clark, Willimington, N. C., and McHugh & Leonard, New York City, for petitioner.

Breit, Rutter, Cohen, Ermlich & Friedman, Norfolk, Va., and A. A. Canoutas, Wilmington, N. C., for claimants.

RULING ON MOTION TO TRANSFER

DALTON, District Judge, sitting by designation.

This cause is a petition by the plaintiff for an exoneration from or limitation of any liability due to the sinking of its fishing vessel FENWICK IS-LAND on December 7, 1968 in which seven lives were lost. 46 U.S.C. § 185. It is before the court on claimant's motion to transfer the action to the United States District Court for the Eastern District of Virginia. Several factors influence the court to find that the motion ought to be denied.

The decedents are stipulated to have been residents of the Eastern District of Virginia and their personal representatives and survivors still live there. The motion to transfer is advanced on the ground that the claimants have a number of potential witnesses they wish to call on the question of damages who are residents of the Eastern District of Virginia. The plaintiff states in its memorandum that it expects to call twelve witnesses on the merits of its complaint and only one of these witnesses is a resi-

dent of the Eastern District of Virginia. The ship sank off the North Carolina coast and several of the plaintiff's prospective witnesses live in the Eastern District of North Carolina.

28 U.S.C. § 1404(a) set forth the governing principles for transfer of civil actions to another district:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims specifies where a complaint for limitation of liability "might have been brought." If the vessel has not "been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability" and the owner has not "been sued with respect to any such claim" and the vessel is not "within any district," the complaint may be filed in any district. Therefore, the present action could be transferred to any district if such transfer would be for the convenience of the parties and witnesses and in the interest of justice.

 "The burden of establishing that the action should be transferred is on the moving party. * * * [T]he plaintiff's choice of venue should not be lightly disturbed." (footnotes omitted) J. Moore & A. Vestal, Moore's Manual § 7.12(4) (1970). It should be noted that the claimants move the court to transfer the case to a contiguous district. Therefore it seems reasonable that the movants should be required to show a strong balance of convenience in their favor before transfer should be granted. It appears that the plaintiff had good reasons for filing its petition in this district and the court is very reluctant to interfere with its choice under the circumstances.

 It seems apparent that the balance of convenience on the issue of exoneration lies with the plaintiff. If it is determined that the plaintiff is free from liability, no witnesses on the ques-

tion of damages will be necessary. Consequently the court is of the opinion that, especially at this time, the plaintiff's choice of forum should be respected. *See* Petition of Baker-Whitely Towing Co., 145 F.Supp. 904 (D.Md.1956); Petition of New Jersey Barging Corp. V.T.A.D. Jones & Co., 135 F.Supp. 97 (S.D.N.Y.1955).

 The court also notes that a prompt trial may be had in this District, which is an important factor and it reinforces the court's belief that the motion is properly denied. *See Petition of Baker-Whitely Towing Co., supra.* It is so ordered.