In the Matter of the Libel and Petition of Kenneth C. MCANINCH, as owner of the M/V ETHEL O., her engines, tackle, apparel, etc., in a cause of exoneration from or limitation of liability.

Civ. A. No. 74–C–115.

United States District Court,
Corpus Christi Division.

Feb. 3, 1975.

———◆———

J. Michael Mahaffey, Kleberg, Mobley, Lockett, & Weil, Corpus Christi, Tex., for petitioner.

Dale Harvill, Houston, Tex., for claimants Goodson.

## ORDER

OWEN D. COX, District Judge.

In this admiralty proceeding brought by the owner of the shrimping vessel, M/V ETHEL O, for exoneration from or limitation of liability under 46 U.S.C., §§ 181–196, and Rule 9(h), the Petitioner seeks to implead Seafood Freezing Technology Corporation as Third-Party Defendant. This request presents the rather unique question of whether impleader, under Rule 14(c), is available to the Petitioner in a limitation proceeding. The Claimants oppose the motion and believe Rule 14 not to be so available.[1]

The circumstances which prompted this suit are, to say the least, unusual. On September 27, 1974, the M/V ETHEL O was found adrift on the high seas at a location approximately 23 to 25 miles due south of Port Aransas, Texas, in the Gulf of Mexico. The master and

---

1. The Claimants Laurie Goodson and Shirley Goodson made two additional attacks on the Petitioner's motion. They contend the third-party cause of action does not arise, as required by Rule 14(c), out of the same transaction or occurrence. The condition of refrigeration equipment, its manufacture, installation, and care, would seem to be central to the case. So, the contention has no merit. Claimants' objection that granting this motion will deprive them of their right to jury trial in state court needs no discussion. This third-party action is within the jurisdiction of this Court and the Petitioner is entitled to ask this Court to entertain it. See In Re Motor Ship Pacific Carrier, 489 F.2d 152 (5th Cir.), cert. denied, 417 U.S. 931, 94 S.Ct. 2643, 41 L.Ed.2d 235 (1974); Houston-New Orleans, Inc. v. Page Engineering Co., 353 F.Supp. 890 (E.D.La.1972).

crew, who on more favorable days manned the vessel, were found aboard— all dead. The apparent cause of their death was asphyxiation. On October 26, 1974, the vessel's owner, fearing claims and suits claiming large sums, filed this limitation proceeding. Already numerous claims have been asserted herein against the vessel and its owner.

The Petitioner now wishes to bring into the suit Seafood Freezing Technology Corporation as a Third-Party Defendant. The third-party complaint alleges said company was negligent and had breached its contract in the installation and manufacture of the refrigeration equipment which was in use on the M/V ETHEL O on the fateful day. Petitioner prays for contribution and indemnity. There seems to be adequate precedent to support Petitioner's third-party action.

■■ The Supreme Court has held that there is nothing so unique about the limitation proceeding that its use bars resort to the ordinary rules of procedure. British Transport Comm. v. United States, 354 U.S. 129, 132–139, 77 S.Ct. 1103, 1 L.Ed.2d 1234 (1957). On the basis of this decision, other courts have permitted the petitioners in limitation proceedings to implead additional parties who may be liable for claims asserted against them. Petition of Klarman, 270 F.Supp. 1001 (D.Conn.1967); Petition of Sandra & Dennis Fishing Corp., 227 F.Supp. 620 (D.Mass.1964). Technical forms should not stand as a barrier to prompt and expeditious resolution of claims. The spirit of judicial economy was the basis of British Transport Comm. v. United States, *supra*, and a moving force behind the 1966 unification of the Admiralty Rules and the Federal Rules of Civil Procedure. To utilize Rule 14(c) in the limitation proceedings following a maritime disaster will certainly expedite matters by getting all the parties concerned involved in a single proceeding. This application of Rule 14 in the context of a limitation proceeding is, in the opinion of this Court, a very common-sense approach. Petition of Klarman, *supra*.

The Petitioner's motion to join Seafood Freezing Technology Corporation as a Third-Party Defendant is granted.

It is so ordered.